JOSEPH P. OLIVER *vs.* GRACE A. OLIVER.

Suffolk.   March 13, 14, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Divorce — Custody of Child — Modification of Decree.*

On a petition under the Pub. Sts. c. 146, §§ 29, 32, brought by a husband about two years after a divorce was granted against him for his desertion, for a change in the decree, which gave the wife the custody of their minor daughter, so as to afford him access to the child, there was important evidence from the appearance and manner of the parents in testifying, as well as of the other witnesses, which could not be presented in print; and the single judge hearing the case ordered the decree to be modified so as to give the father an opportunity to see the child from time to time at a convenient place in private. *Held,* that no exception lay to his refusal to rule, as matter of law, that there was no evidence upon which the original decree could justly be modified.

PETITION, filed March 27, 1889, alleging that a decree was granted on April 11, 1888, making absolute a divorce *nisi* entered October 7, 1887, in favor of the respondent, from the petitioner, her husband, for his desertion, and according her the custody of their minor child, with a provision that the husband should " have the right to see the child at proper and reasonable

times and places until the further order of the court"; and that the respondent had failed to obey such decree; and asking that she might be required to do so, and that the petitioner might be allowed to see the child at proper and reasonable times and places, and for further relief.    Hearing before *Holmes,* J., who ordered that the original decree be modified, by adding that, after three preliminary visits by the husband upon such child at her home in Salem, such child should on the Wednesday of each week be taken from her home by her mother, or under her direction, at the expense of the petitioner, to a private parlor at the Hotel Brunswick, in Boston, to be provided by the petitioner, where she was to visit her father for a period not exceeding one hour, at eleven o'clock in the forenoon; and the respondent alleged exceptions, which appear in the opinion.

*G. O. Shattuck & D. E. Ware,* for the respondent.

*W. Gaston,* ( *W. A. Gaston* with him,) for the petitioner.

KNOWLTON, J.    Upon a decree of divorce, the court may make such decree as it may deem expedient concerning the care, custody, and maintenance of the minor children of the parties, and may afterwards, from time to time, on petition of either of the parents, revise and alter such decree, or make a new decree, as the circumstances of the parents and the benefit of the children may require.    Pub. Sts. c. 146, § 29.    The respondent requested the judge to rule, as matter of law, that there was no evidence upon which the court could justly modify the original decree, and order that the petitioner's access to the child should be by visits in Boston, away from the child's home with its mother.    The only question raised by the bill of exceptions is whether the refusal to rule as requested was erroneous.

In providing for the custody of a minor child, while the feelings and wishes of the parents should not be disregarded, the happiness and welfare of the child should be the controlling consideration.    Pub. Sts. c. 146, § 32.    In the present case the record shows that there was important evidence before the court which is not detailed in words.    Both parents were present and testified.    The judge had an opportunity of observing their appearance and manner, and of forming an opinion as to the temperament, disposition, and character of each of them.    They had been divorced about two years before on account of the

desertion of the husband, and the question before the court was, what order should be made in regard to the access of the father to his daughter, who was in the custody of her mother, and was between nine and ten years old. The petitioner is a physician practising his profession in the city of Boston, and there is evidence from which it may be inferred that he is possessed of considerable property. This daughter is his only child, and his heir presumptive. In case of the death of her mother, he would be her nearest relative, and her natural guardian and protector. The judge may well have thought it essential to the welfare of the child, that the close relations which ought to exist between father and daughter should be maintained between her and her father. It was his duty to consider her welfare in reference not merely to the present, but to the probable future, and, if need be, to require the sacrifice of temporary convenience to ultimate, permanent good.

There are indications in the evidence, that in the alienation of the parents their feelings were deeply involved, and the judge — who saw them, and heard their testimony and the testimony of the witnesses called by the respondent to show that the child was likely or liable to be unfavorably affected by interviews with her father — had an opportunity of determining how far it probably would be necessary to limit the mother's custody, in order to secure to the father a reasonable opportunity of having the child reared as his daughter. It was a subject peculiarly within the discretion of the presiding judge, to be exercised largely upon evidence which cannot be presented in print.

It is said that the custody of the child was *res judicata* by the former decree, and that the decree could not be modified without further evidence showing a change of circumstances. But that decree was in terms to be operative only until the further order of the court, and by the statute it was subject to be changed at any time. Pub. Sts. c. 146, § 32. Moreover, the lapse of time constituted a sufficient change of circumstances to give jurisdiction, if jurisdiction had been dependent upon showing a change. It often happens that the mother is made the custodian of a child of tender years, when the father would be given control if the child were considerably older.

It is also urged that the father's desertion of the mother was

such misconduct as should have prevented the making of this decree. It is true that he was guilty of a marital wrong. Such a wrong may be a very gross offence, or it may be committed under such circumstances of palliation as to detract but little from a general good reputation, and to be of but slight consequence in determining the wrongdoer's fitness to perform the ordinary duties of life. We must assume that the court considered all such questions as bore upon the propriety of the maintenance of intimate relations between the petitioner and his child.

The decree indicates the purpose of the court to secure to the petitioner an opportunity to see his daughter from time to time, in a convenient place, where his rights will be recognized, and where he will not fear the exercise of any influence adversely to him. If the experience of the parties enables them at any time to show to the court any better way of accomplishing this purpose than that now pursued, or if, from any other change of circumstances, there seems to be occasion to modify the decree, it is in the power of either party to apply for a modification of it. By the terms of the decree, without an application, the petitioner may waive the special provision made in his favor, and accept instead any other arrangement which is satisfactory to the respondent.

We are of opinion that the ruling requested was properly refused. *Exceptions overruled.*