JOHN P. PHIPPS, Plaintiff in Error, v. DAISY A. PHIPPS now DAISY A. CRAMER, Defendant in Error.

### Kansas City, Court of Appeals, March 3, 1913.

1. **DIVORCE: Decree: Custody of Children: Right of Access.** The right of custody of children granted by a decree does not deprive the other party of the right to see the children unless there is an express provision to the contrary. And even the guilty party is allowed this privilege though in rare cases it has been refused where, on account of the depraved character of the party, it is deemed best.

2. ———: ———: **Modification.** A judgment for divorce, as regards alimony and custody and support of children, remains open for variation from time to time as the changed circumstances of the parties may require. But the custody cannot be changed except after notice and hearing and upon new facts or a change in the circumstances or character of the parties justifying a change.

3. ———: ———: **Slight. Change Sufficient.** Where the application is in order that the mother may visit the child or have it visit her, the court, without deciding whether the order made is in reality a change of custody to the extent of the visit, will lay hold of slight changes to justify the order

4. ———: ———: ———. Even though the mother has been indiscreet, yet, if the evidence shows that since the decree she has married a good man and is living the right kind of life, the court will deem this a sufficient change in her circumstances and character to justify the order made by which the child may be allowed to visit her, especially where for a year after the divorce the husband allowed her to keep the child, and there is nothing to show that the modification of the decree would in any way injure the child.

5. ———: ———: ———. If the circumstances should change requiring the modification to be itself modified in the future, either parent can apply to the trial court for such modification, since the divorce suit on this phase remains open till the child becomes of age.

Error to Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*C. R. Penee* and *Frank Yeoman* for plaintiff in Error.

*Hairgrove & Greer* for defendant in error.

TRIMBLE, J.—This is an appeal from an order made by the circuit court, at its September term, modifying a divorce decree rendered at the April term following, the modification being in reference to the custody of the child. The decree gave a divorce to the husband and directed that he "have the care, custody and control of the minor child, George, born of said marriage and the court reserves jurisdiction of this cause for any further orders concerning the custody of said child."

The modification was made upon motion filed and notice was given and a hearing had. The modification order is as follows: "Now plaintiff's motion to modify the decree heretofore rendered herein is by the court heard and sustained to the extent herein mentioned, and it is by the court ordered that the decree be, and it is, modified so as to permit the defendant to have the minor child, George P. Phipps, visit her every Saturday, beginning October 21, 1911, from 9 o'clock a. m. until 5 o'clock p. m., but in no event shall said child be kept after dark; it is ordered by the court that said child be delivered to the office of the clerk of the circuit court, at Independence, Missouri, by the plaintiff, each Saturday at 9 o'clock in the morning and returned to the aforesaid place at 5 o'clock in the evening by the aforesaid defendant."

The husband appeals from this order on the ground that the evidence does not show any new facts upon which a change in the custody of the child can be made; that the court is powerless to act unless the motion contains averments, and the evidence discloses facts showing, that since the decree a change of conditions, circumstances, or situation, or character of the parties, has occurred to justify a modification.

The right of custody granted by a decree does not deprive the other party of access to the children unless there is an express provision to the contrary. [Burge v. Burge, 88 Ill. 1. c. 167.] And even the guilty party is allowed this privilege. [Oliver v. Oliver, 151 Mass. 349.] Though there have been *rare* cases in which it has been refused, where, on account of the depraved character of the party, it was deemed best for the children. So that, under the original decree, the mother would have the right to visit her child at proper and reasonable times and in decent orderly manner. But, if this right were denied her by the father, her only remedy would seem to be to apply to the court, in which the decree was granted, for an order requiring him to allow her that privilege. And in such case the father's refusal to let her visit the child would be a new fact on which the court could modify the decree so as to permit such visits. To hold otherwise would put it in the power of one parent to deny, without reason, the other parent of the privilege of seeing the offspring, which both have brought into the world. In the case of Oliver v. Oliver, 151 Mass. 349, the decree gave the custody of the child to the mother who thereafter refused to let the father see or visit it. The Supreme Court held that even though the evidence, in words, did not show grounds for a modification, yet the trial court could by observation see many things in the character, appearance and manners of the parents testifying, which could not be presented in print, and thereupon refused to hold that there was no evidence on which to base a modification of the decree so as to permit the offending father to see his child.

It will be observed, in passing, that while the terms of the order may have the effect of *changing the custody* of the child from the father to the mother from 9 a. m. until 5 p. m. of each Saturday, yet the evident intention of the order was to permit the mother to have her minor child *"visit* her every Saturday" as the

order states. But whether the order *changes the custody* or not, the motion does not ask for a change in such custody. After reciting that part of the decree relating to the custody of the child, the motion prays the court to make the decree provide "that the defendant shall have the *right to visit said child* and have said child visit her at any and all reasonable times, or, on stated occasions to be fixed by the court." So that, although the court is without power to *change the custody* of the child, in the absence of new facts to justify such change, this ought not to prevent the court giving the mother a right to visit the child under proper regulations and on certain conditions based merely on the new fact of the father's refusal to let her see it.

But, we will treat the order made as a modification of the decree so far as it relates to the custody of the child, and dispose of the case on that theory.

The order is not complained of because it requires the taking of the child to the clerk's office in Independence every *Saturday*, regardless of the weather, the health of the child, or the ability or reasonable convenience of the father. The sole claim is that the court had nothing on which it could base an order of any kind.

A judgment for divorce, so far as alimony and the support and custody of children are concerned, is not a closed incident like other judgments. As to these matters it can accomplish its true end only by remaining perpetually open for variations to be made from time to time as the changed circumstances of the parties and the children may require. [1 Bishop on Marriage, Divorce and Separation, sec. 822.] As respects the custody of the children, a divorce suit can in its nature terminate only with their majority. [*Ibid*, sec. 826.] And, in addition to this, our statute gives the court power to modify the judgment as to such matters. [Sec. 2381, R. S. Mo. 1909.] But our courts have said that the custody fixed by the judgment cannot be changed except after a hearing and upon new facts or a change

in the circumstances or character of the parties justifying such change. [West v. West, 94 Mo. App. 683; Diedesheimer v. Diedesheimer, 74 Mo. App. 231; State ex rel. v. Ramey, 134 Mo. App. 722.] And on the contention that the evidence discloses no new facts or changed circumstances appellant asks that the order of modification be reversed and set aside.

The evidence, however, shows that at the time the divorce was granted, appellant agreed with respondent (the mother), that he would allow the child to remain with her, and the child did remain with her for more than a year after the divorce. True, the husband says he agreed to this only on condition that the mother live with her parents and that she violated this condition and began to live elsewhere in surroundings that he did not think were good for the child. He also says she took the child and went to California with it, and that he followed them and found her in bad surroundings and brought the child back, but this was before the divorce, and, after bringing them back to Kansas City, he allowed the child to stay with her for more than a year after the granting of the divorce which gave him the custody of the child. He admits this and says "but she never thought that I was going to take the boy away from her. If she had been living as I thought she ought to live, I would'nt have taken the boy away from her. It was the way she was doing that I took the boy." The mother denies living improperly and says that the father, after the divorce, proposed that she let him have a key to her room, and that it was not until she refused to accord him this favor, that he took the boy away from her by deception and has not allowed her to see or visit him since, or to know where he is. The husband denies only the key part of this accusation.

There was also evidence to the effect that the mother said she would kill the child rather than that her husband should have him; but this was said, if said at all, prior to the divorce and when the separation was

being contemplated, and while the mother was in stress of mind over the pending separation. There was disinterested testimony to the effect that she showed great affection for the child; and the fact that the father, after the divorce, allowed her to keep the child for a year or more, shows that he was not very apprehensive of her harming it.

After the father took the child away, and before the filing of the motion to modify, the mother married again. Her husband is regularly employed and she has no other child. Her parents and her sisters are also living and they are friendly to the child. Now, while the evidence tends to show that the mother was indiscreet, to say the least, before the divorce, it is not so strong as to her living improperly at the time the father took the child away, as he says, on that account. But granted that she was not living in a way to avoid the appearance of evil at the time he took the boy away, so as to justify him in so doing, yet as she is now married and has about her the protecting care of an industrious man against whom nothing has been said, and she is living as a good woman should, these are facts showing a sufficient *change* in her situation and character to justify the court, who saw the parties and heard them testify, in modifying the decree, not so as to *take the custody* of the child from the father and give it to the mother, but so that the child could visit its mother and not be entirely deprived of her society and affection, nor she of its. Especially is this true when it is seen that, at the time the divorce was granted, the child was left with her, and now, the child is not only taken from her but she is not allowed to see it or even know where it is.

We are of opinion that the judgment of modification in this case should be upheld. If, at any time in the future, circumstances should so change as to make it necessary that this modifying order should be changed or revoked altogether, it is within the power of the

father, or of either parent for that matter, to apply to the court for such modification or revocation, since the divorce suit, on this phase, remains open, and will stay open, till the child becomes of age. [Oliver v. Oliver, supra, l. c. 352; 1 Bishop on M., D. and S. sec. 826.]

The judgment modifying the decree is affirmed. All concur.