# MARCH, 1924.

Roy W. Conant, Appellant, v. Emma Dodd Conant, Respondent.*

Kansas City Court of Appeals.   June 16, 1924.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 485, n. 1; Divorce, 19CJ, p. 165, n. 94; p. 172, n. 7; p. 173, n. 41. New.

*E. C. Hall* for appellant.

*Walter Calvin* for respondent.

TRIMBLE, P. J.—The plaintiff in a suit for divorce, judgment for which was rendered in his favor at the December term, December 20, 1922, appeals from an order setting aside the judgment on defendant's motion filed at the same term, but forty-four days after, the divorce judgment was rendered.

Said motion to set aside was by the court continued to the March term and set for hearing on March 17, 1923, at which it was, by leave of court, amended by interlineation so as to insert therein the charge that plaintiff was not, either at the time of filing his petition or at the trial, a bona-fide resident of the State one whole year next prior thereto. The court, at said March term, heard defendant's evidence in support of her said motion, and continued said cause for further hearing to a later date in said March term. The abstract does not affirmatively so state, but it is conceded, that at this later date in the March term the court continued the cause for further hearing to the June term, June 16, 1923, on which date the court, after hearing further evidence, sustained said motion and set aside the decree rendered at the December term and re-instated the cause on the docket.

Plaintiff at all times duly objected to any hearing of the motion upon the ground that the court had no jurisdiction, after the expiration of the December term, at which the judgment was rendered, to entertain said motion or to set aside the judgment, the said motion, although filed at the December term, not having been filed within four days after the rendition of the judgment. The plaintiff offered no evidence in opposition to said motion, and, when the same was sustained, promptly filed motion for new trial on said motion, and, when this was likewise overruled, took the usual steps to perfect his appeal, which the court allowed.

The petition for divorce was filed October 14, 1922, and alleged desertion occurring on October 5, 1921, as the ground thereof. Defendant was summoned by publication as a nonresident, but, not having any actual knowledge of the suit, did not appear, answer, or make any defense, but, so the judgment recites, made default.

Defendant raises no question as to plaintiff's right to appeal, but she has filed a motion to dismiss the appeal, based solely on the ground that appellant did not bring up the evidence introduced in support of the motion to set aside the judgment, but has merely contented himself with a recitation in the record that "the defendant (respondent herein) offered testimony and evidence tending to prove all the allegations of her motion."

So far as concerns plaintiff's attack upon the *power* of the court to entertain and act upon the motion at the subsequent term, it would not be necessary to bring up the evidence in support of said motion unless, perhaps, to show that the court sustained the motion on matters relating to *errors* committed in the course of the divorce hearing, which would require a motion for new trial, filed within four days, as will be more particularly hereinafter dealt with and set forth. But, as the motion to set aside is based on grounds *other* than those which can only be included in a motion for new trial, and as the action of the court is presumed to be right, we do not see wherein the *respondent* could be injured by a failure to bring up the evidence, or be entitled to have the appeal dismissed upon that ground. Respondent's motion to dismiss the appeal on the ground specified is, therefore, overruled.

In its nature, the divorce judgment, considered wholly by itself, and, in the absence of any voluntary action against it on the part of the court, or motion filed against it at the judgment term, was a *final* judgment—that is—to state it a little more accurately, it was a judgment that, upon the expiration of the term, would become final unless, during that term, the court itself acted upon it *sua sponte* or it was attacked by a motion *to which the law gives the power to suspend its finality and carry the judgment over* to another term and until the motion is disposed of. It is clear that, in the absence of anything of the kind or of anything done by the court on its own initiative during the term, the *power* of the court over the judgment, or to change it in any way by an order in that case, ceases with the expiration of the term. [Lovitt v. Russell, 138 Mo. 474, 483; Hall v. Lane, 123 Mo. 633, 636.] But by virtue of section 1456, Revised Statutes 1919, motions for new trial and in arrest, *if filed within four days* after judgment *and* at the *same term* the judgment was rendered, may attack it and suspend the finality of the judgment, carrying it over to a subsequent term and until they are disposed of. The question presented then is, inasmuch as the statute gives this power to motions filed within four days during the term, can such effect be accorded to *other* motions filed at the same term, but not within the statutory four days?

In the case of Childs v. Kansas City, etc., R. Co., 117 Mo. 414, judgment was rendered at the January term, February 24, 1888. At the same term, but not within four days, a motion to set aside was filed and heard and then continued over to the next term at which it was overruled, and defendant appealed. Judge BARCLAY, in his minority opinion affirming the judgment, said (p. 423), the motion to set aside was *not* "based on any irregularity of procedure" but on "judicial errors in the proceedings" and that as to a review of *such* errors the statute (now sec. 1471, R. S. 1919) requires the

appeal to be taken at the term at which the final judgment occurs. And, on this, he says—"An undisposed of motion for new trial or in arrest, seasonably filed, will suspend the finality of a judgment (for the purpose of appealing) until such motion be determined. But where no motion of *that kind* is interposed, and the term of court ends, the pendency of such a late motion as *that in question now*, to set aside the judgment, will not have the effect to keep the antecedent record open until the next term for a general review as a matter of right. The trial court, in its discretion, after expiration of term to move for a new trial or in arrest, may set aside a judgment during the term at which it was rendered upon any ground that may satisfy the conscience of the court. Whether it may exercise that discretionary power afterwards, by carrying over a motion filed at the term of judgment we need not decide."

He then said that as the court had *overruled* the motion, the court's power to sustain it was not under review. Judge BARCLAY then goes on to again state (p. 424) that he is saying the judgment cannot be thus attacked for "errors that may have *entered into* the judgment" which can be reached only by a motion for new trial; and that the appeal from the motion to set aside being "groundless so far as any irregularity is concerned" and "having been taken too late to reach a review of any alleged *errors* with which the *original judgment may be tainted*" the only thing to be done was to affirm the judgment. (All italics ours.)

The majority opinion by Judge BLACK, *agreed* (p. 426) with Judge BARCLAY as to *errors* occurring in the course of the proceeding, namely, errors that require the saving of exceptions to preserve them for review. But as to the question whether the petition stated "any cause of action" it had long been held that such objection could be made at any stage, even in the appellate court for the first time; but it must be a "defect of a fatal character" (p. 427). Judge BLACK then says: "But it is said this appeal is of no avail to defendant because not allowed until the term after that at which the judgment was rendered." And in discussing this he says that a motion for new trial filed at the proper time and term and continued over to the next term, suspends the judgment so that a bill of exceptions may be filed and appeal taken at the term the motion is overruled, and that such a bill and appeal "will bring up for review *all the exceptions* taken during the progress of the trial" (italics ours). And then (p. 428), after citing the rule that in an appellate court a motion for rehearing, filed after adjournment of the term, under an order allowing the motion to be filed in vacation, continues the cause so that the opinion filed does not become the opinion of the court until the motion is disposed of, he says:

"As a general rule, a judgment cannot be set aside by the court rendering it after the term at which it was rendered; but during the term it may be set aside. And a motion filed at that term for that purpose and continued over to the next term *suspends the judgment*, so that the motion may be sustained at the succeeding term. Until the motion is disposed of, the judgment is not a finality. [Memphis v. Brown, 94 U. S. 715; Amy v. Watertown, 130 U. S. 301; Baker v. Baker, 51 Wis. 538; Windett v. Hamilton, 52 Ill. 180.] . . . A motion to set aside "judgment strikes at its *validity*, and when filed at the term at which the judgment was rendered and continued to the next term has the effect to suspend the judgment so that the court can act upon the motion the same as at the prior term. The proceedings remain in the breast of the court until the motion is disposed of, and the appeal taken at the time when the motion is overruled brings up the same matters for review as if taken at the time when the judgment was rendered."' (Italics ours.)

The decision then holds that the court is in duty bound to consider appellant's appeal and determine whether the petition is "radically defective."

In the case of Harkness v. Jarvis, 182 Mo. 231, the judgment was rendered for the plaintiff by default. After the expiration of four days, but at the same term, defendants filed a motion to set aside the judgment. It was not acted upon at that term but went over to the next term without any *special* order of continuance, and at said subsequent term the motion was *sustained*. Defendants then filed answer, but, when the case was called for trial, plaintiffs not appearing to prosecute the suit, it was dismissed, and from this final judgment plaintiffs appealed.

The Supreme Court (p. 235) held the motion to set aside was not a motion for new trial although it might *result* in a new trial; and distinguished between a motion to set aside and a motion for new trial (the latter having to be filed within four days after judgment); and following Childs v. Kansas City, etc., R. Co., supra, held that the motion, although not filed within the statutory four days, yet was a "live active motion which the party had a right to file" and therefore "to destroy its force and power, there must be some affirmative action of the court upon it. Its non-action certainly cannot destroy it." The court also held that this was true even though there was no order of continuance to the next term and said (p. 238), that "we are unwilling to say that the failure of the court to actually consider the motion at the term at which it was filed, and manifest its consideration by the record in the cause, shall, for want of power to act at a subsequent term, practically result in the overruling of the motion."

The court went on further to say that *if* the decision announced in Head v. Randolph, 83 Mo. App. 284, was intended to apply "to *all*

motions which may *result* in the granting of a new trial, but in fact are *not* such motions for new trial as are contemplated by the statute, and *cannot be treated as such,* but are simply motions recognized by law, *independent* of the statutory motions for new trial and in arrest of judgment, which are designed only to put in action the discretionary power of the court over its judgments," then the rule announced in the Head case was erroneous. (All italics ours.)

The court then went on to say that, if Childs v. Railroad, was to be followed, "the right to file a motion which simply appeals to the discretionary power of the court, at any time during the term at which the judgment was rendered, is one clearly recognized, and may be as freely and lawfully exercised as the right to file a motion for new trial within the four days prescribed by the statute. While they may be designed to accomplish the same result, yet they proceed upon different lines and both are equally valid motions pending before the court for its consideration. This being true, it logically follows that there is no reason why, if a motion to set aside the judgment is legally before the court for its consideration, it should not pass from one term to the succeeding term, as a part of the unfinished business, the same as a motion for new trial filed within the four days of the rendition of judgment."

The court also cited section 1611, Revised Statutes 1899 (now section 2354, R. S. 1919) saying that it "seems to be broad enough to cover proceedings of every character, and it, in substance, provides that an adjournment of a term of court before the business of that term is disposed of, shall not operate to abate or discontinue such proceedings pending in such court."

The case of Mirrielees v. Wabash R. Co., 163 Mo. 476, 490, cited by appellant was where a supplemental motion for *new trial* was filed after the expiration of the four days, and, under all the decisions, it could not be considered, since, under the statute, no motion in the nature of a motion for new trial filed thus late could be considered. The same is the ruling in Mount Vernon Bank v. Porter, 148 Mo. 176. The case of Scott v. Joffee, 125 Mo. App. 573, is likewise not in point for appellant as the motion to set aside the order overruling the motion for new trial was filed and *sustained at the same term* the judgment was rendered and hence the said judgment was still in the breast of the court to do with it as conscience dictated.

In Marsala v. Marsala, 288 Mo. 501, 504, the motion to set aside was striking at the order or judgment approving a sale in partition and directing distribution of the proceeds. This, of course, is necessarily a motion for new trial, or as the court says "serves the office of a motion for new trial, and, *treated as such,* must be filed within four days after the trial, in this case within four days after the entry of final judgment." (Italics ours.) The opinion does thereafter say that the "trial court has the *inherent* power to set aside any judgment

during the same term at which it was entered, either on its own motion or acting on the suggestion of a party to the action. The court has no *such* power after the final adjournment of the term at which such judgment was rendered.'' (Italics ours.) But the thought here in mind is the court's lack of *"inherent"* power, that is, its power to act in the absence of a motion. It is true the opinion goes on to still further say that ''The *general order* of the court *continuing all motions* to the next term of court did not have the effect of continuing the jurisdiction of the court over the case to set aside said judgment *on its own motion,* treating the motion filed out of time at the previous term as a mere suggestion to the court. Motions of such character must be acted upon at the term at which they are filed.'' (Italics ours.) But it is the same idea that is being dealt with, namely, that the courts *inherent* power to act has ceased, and the motion, filling the office of a motion for new trial but not filed in time, cannot be changed from its nature and regarded as a *"mere suggestion"* invoking the court's inherent power. The decision must be regarded as being wholly within the facts of that case and solely on the basis on which the opinion places it, and that is, that the motion to set aside was in fact and character a motion for new trial. It is not reasonable to suppose that it was intended to make any broader ruling, else the *minority* opinion in the Childs case would not have been cited, when the decision of the *majority* opinion therein and in the Harkness case would be thereby overruled without comment, whereas, on the contrary, the Harkness case had just been cited with approval.

We are, therefore, of the opinion that there is nothing in the Marsala case going any further than what had already theretofore been held, namely, that if the motion to set aside is in reality a motion for new trial or ''fulfills the office'' thereof, such motion, if not filed within four days, is, even though filed at the same term, powerless to carry the case over to the next term and give the court authority to act upon it then. To do so would be to ignore the statute requiring motions for new trial and in arrest to be filed within four days. But as long as the Harkness case remains undisturbed, it would seem that a motion to set aside (based upon grounds other than errors committed during the course of the trial, against which exceptions must be preserved, rendering a motion for new trial necessary), if filed at the same term the judgment is rendered, is sufficient to suspend the finality of the judgment and carry it over to the next term and until the motion is acted upon.

The question then arises what is the basis of the defendant's motion to set aside? Is it a mere motion for new trial, or based solely on matters to which a motion for new trial is ordinarily directed? If so, then, since it was not filed within the time provided for motions for new trials, the court could not act upon it at a subsequent term, for that would be to evade the statute concerning motions for new

trial; and if that were the real nature and office of the motion to set aside, the court could not act on it, even though the motion be called by some other name.

Plaintiff seems to entertain the idea that the motion to set aside is in the nature of a motion for new trial, or at least that is not such a motion as would, even with power to act thereon, destroy the *validity* of the judgment, but that the basis of the motion are merely such as *inhere in the process of arriving* at the judgment and, therefore, are such as are available only in a motion for new trial; and appellant's further view may be that the matters stated in the motion are not such as would render the judgment vulnerable to attack for fraud in the procurement thereof. As to the first of these, we may freely concede, that if the motion to set aside contains only errors arising in the course of the hearing or trial, and is therefore *in reality nothing more* than a motion for a new trial, then the court had no power to act on it. Without saying whether the second branch of the above-stated view does or does not beg the question, or partly so, we think that the motion, as *originally* filed and before amendment, stated a ground going to the validity of the judgment, based, not upon errors committed at the trial, but upon fraud in the very procurement of it. As we understand this ground, it is that plaintiff induced, urged and compelled defendant to absent herself from plaintiff because he was then unable to provide a home for her and that while thus absent from him by his consent, he was continually corresponding with her asserting his loyalty, love and affection for her with no hint that he wanted her to return to him or that he was contemplating a divorce, and while this was the situation, he, although knowing her exact whereabouts, fraudulently brought suit and obtained publication service so that she had no actual knowledge of any suit until after judgment was rendered, and thereby perpetrated a fraud not only upon her but upon the court. It would seem to be clear that in thus inducing a wife to go to her former home and keeping her thinking that all was lovely and agreeable between them, in order that he might obtain service by publication and, secretly, that is, without her actual knowledge, obtain a divorce, thus preventing her from making a defense, would be a fraud in the procurement of the judgment, a fraud both upon her and upon the court. While the motion to set aside would not give the court power, at a subsequent term, to set aside the judgment for mere *errors* committed at the hearing, yet as to *other* matters affecting the *validity* of the judgment and not coming within the necessary purview of a motion for new trial, the court would have the power to set aside, if the motion was filed at the same term the judgment was rendered. Of course, when thus set aside on a proper ground which is duly found to exist as a fact, the cause is then opened anew for the trial of all issues that may then come before it. Paraphrasing what was said in the Harkness case, while this may be the

"result" of the motion to set aside, it does not transform said motion to set aside into a motion for new trial.

It is, of course, true that a petition for review contemplated in section 1532, Revised Statutes 1919, cannot be entertained against a divorce decree, because section 1812, Revised Statutes 1919, explicitly forbids it. But a petition for review, whenever applicable, is one that is filed within a certain period *after* the judgment term has expired, whereas this is a motion filed *during the term*, and is, to this vital extent, different from a petition for review. Such was not the situation in Salisbury v. Salisbury, 92 Mo. 683, 685. There the judgment term had expired with no attack whatever on the judgment during the term. The same is true in the cases of Cole v. Cole, 89 Mo. App. 228, and Elliott v. Elliott, 135 Mo. App. 42. The motion attacking the validity of the judgment in the case at bar is not a petition for review, and, being filed at the same term the judgment was rendered and not being based on errors arising at the trial (which require a motion for new trial and must be filed in four days), the court had jurisdiction to sustain it at a subsequent term to which it was regularly and specifically continued for "further hearing." The law has provided that when a divorce decree has been rendered, no petition for review or attack in that case, *originating after* the term has expired can be had. But we do not think this means that if a spouse can, by any scheme or device, obtain a judgment of divorce on publication, it is safe against *any* motion to set it aside even though, upon discovery of the judgment, the other spouse promptly, and at the *same* term, files a motion attacking the validity thereof, and which motion is not in its essence a motion for new trial but which may only result in such.

The judgment is therefore affirmed. [See Dower v. Conrad, 232 S. W. 174, 175.] All concur.