WILLIAM J. RUEDLINGER, APPELLANT, v. EFFIE RUEDLINGER, RESPONDENT.*—10 S. W. (2d) 324.

St. Louis Court of Appeals. Opinion filed November 6, 1928.

*Corpus Juris-Cyc. References: Divorce, 19CJ, section 808, p. 349, n. 13; section 810, p. 351, n. 46; Parent and Child, 46CJ, section 15, p. 1239, n. 77; section 29, p. 1251, n. 13.

*Harry E. Sprague* and *Vincent D. Gallo* for appellant.

*Ada M. Chivvis* for respondent.

SUTTON, C.—Plaintiff filed suit against defendant for a divorce to the October term, 1922, of the circuit court of the city of St. Louis. To the petition the defendant filed an answer and cross-bill. Upon the trial of said cause, on February 21, 1923, the court found the issues in favor of the plaintiff, and entered its decree divorcing the plaintiff from the bonds of matrimony contracted with defendant, and awarding the custody of their infant child, Elvadine, then aged five years, to C. F. Dunn, her maternal grandfather.

On July 29, 1926, plaintiff filed his motion praying the court to modify said decree with respect to the custody of said infant child, and to award the custody of said child to him. Upon the trial of this motion, on October 8, 1926, the court overruled the motion, and entered judgment accordingly. From this judgment the plaintiff appeals.

Plaintiff in his motion charges as grounds for the modification of the original decree (1) that since the decree was rendered defendant has remarried to- G. C. Van Lidth, who is engaged in the carnival

business, and that the defendant travels around with him in connection with such carnival business, and has no fixed place of abode, and is still unfit to have and enjoy the custody of said minor child; and (2) that said minor child is now of the age of eight years, and that plaintiff is in a suitable position in life to furnish her a home and educate and support her in her proper station.

Plaintiff resides with his mother at 3845 Illinois Avenue, in the city of St. Louis, where he resided at the time the original divorce decree was rendered and the custody of his infant daughter was awarded by the court to C. F. Dunn, the maternal grandfather. There has been no change in the character or place of his residence since the divorce decree was rendered. At that time he was employed as a chauffeur for a grocer company and earned $25 per week. At the time of the trial of the motion he was earning $180 per month as patrolman on the police force of the city of St. Louis, and had been earning this amount for about eight months.

Mr. Dunn and his wife reside on a farm of thirty-nine acres about eight miles from Menfrow, Missouri, and the child, Elvadine, resides there with them. Mr. Dunn is fifty-three years old, and his wife is forty-eight. Elvadine was five years old at the time the divorce was granted and her custody was awarded to Mr. Dunn. There is a country schoolhouse about a quarter of a mile from the Dunn home. Elvadine attends school there. There are in this school usually about twenty pupils, ranging in age from six to sixteen years, under the instruction of one teacher. Usually the school is held for a term of eight months each year. Elvadine had attended school there two terms prior to the trial of the motion. She received each term an honor certificate from the county superintendent of public schools for punctuality and regular attendance, having been neither tardy nor absent for the entire school term, and she received promotions whenever promotions were made. She lives with her maternal grandparents in their home on the farm while school is in session, and goes to St. Louis and lives with her father in the home of her paternal grandmother, Mrs. Katherine Ruedlinger, in St. Louis during the vacation periods. This home is a frame building containing three rooms, with about fifty feet of yard, and is occupied by plaintiff and his mother. The mother owns the home. She was about sixty-eight years old at the time of the trial of the motion. There is a public school about three blocks from the Ruedlinger home, where Elvadine would attend school if her custody should be awarded to her father.

Plaintiff does not attend church himself, but promised that he would send Elvadine to church if her custody was awarded to him. He stated that she could go to church with a little girl who lives close by the Ruedlinger home.

Plaintiff visits Elvadine in the Dunn home as often as he wishes, and receives courteous and hospitable treatment at the hands of Mr.

and Mrs. Dunn on the occasions of such visits. The evidence shows, without dispute in the record, in fact the plaintiff concedes, that Elvadine is well cared for by her maternal grandparents, and that they are in every way fit persons to have her custody. They provide her with proper food and clothing, and she gives every evidence of good health and happiness while in their home and under their care.

There is a church near the Dunn home where Elvadine attends Sunday School and church services regularly, with her maternal grandparents.

The evidence shows also that Mrs. Ruedlinger, the paternal grandmother, is a woman of good character and reputation, and she testified that she was willing to undertake the care, upbringing, and education of Elvadine if her custody was awarded to her father.

Plaintiff has contributed very little to the support of his daughter since the divorce was granted. He has furnished her some articles of clothing, and occasionally contributed small sums of money, aggregating in all probably twenty-five dollars.

The mother of Elvadine visits her in the Dunn home. Her visits prior to the trial of the motion were not frequent. This resulted, however, it seems, from the character of her work, and not from any want of affection for her daughter.

The evidence shows a strong attachment of affection between Elvadine and her maternal grandparents. She also exhibits affection for both her mother and her father and for her paternal grandmother, and enjoys their society.

When the child was awarded by the court to the custody of her maternal grandfather, she was taken immediately to his home, where she has since resided as above stated. There has been no change in the condition or surroundings of this home since the award was made.

It is not contended that there has been any change in the character, condition, or circumstances, of the parties, except the accrual of years, the increase of the father's salary, and the remarriage of the mother, since the original decree was rendered.

Plaintiff for a reversal of the judgment below relies solely on the rule announced in State ex rel. Crockett v. Ellison, 271 Mo. 416, 196 S. W. 1140, that the presumption is that the best interest of an infant child is to be in the custody of its parent, and that in a contest between the parent and a stranger, it is the duty of the court to award the custody of the child to the parent unless it is made manifest to the court that the parent for some reason is unfit or incompetent to have its custody, or unless the welfare of the child itself for some special or extraordinary reason demands a different disposition of it at the hands of the court. There can be no doubt that the rule so announced is sound and worthy of all acceptation, and if we had under review here the original decree awarding the custody of the child to her maternal grandfather the rule should be applied in all its vigor. On

the other hand, the rule is well settled in this State that an unappealed decree of divorce, though remaining open for variation from time to time as the changed circumstances of the parties may require, is a final decree, which cannot be changed as to the custody of children, except under new facts occurring after the trial which will justify such change. Eaton v. Eaton (Mo. App.), 237 S. W. 896; Deidesheimer v. Deidesheimer, 74 Mo. App. 234; Marshall v. Marshall (Mo. App.), 236 S. W. 378; State ex rel. Tatum v. Ramey, 134 Mo. App. 722, 115 S. W. 458; Phipps v. Phipps, 168 Mo. App. 697, 154 S. W. 825.] This rule is applicable in the present case. The original decree of divorce wherein the custody of Elvadine was awarded to her maternal grandfather is not before us for review. The court having by this unappealed decree awarded the custody of the child to her maternal grandfather, the presumption that the best interest of the child, which is of paramount concern, is to be in the custody of the parent, no longer prevails. It would seem rather that the contrary presumption should be indulged until proof of change in circumstances is made satisfying the court that the best interest of the child demands that her custody be changed to the parent.

We are of the opinion that the slight change in the circumstances of the parties occurring since the original decree was entered, as shown by the evidence in this case, does not justify the disturbance of the custody of this little girl as awarded by that decree. Her situation is the most satisfactory that could be hoped for under existing conditions. There can be no doubt that in the country home of her maternal grandparents, she is surrounded by wholesome influences, and has the benefit of wise counsel and guidance. Her school work is in every way satisfactory. Her religious training is not neglected. Her physical health and comfort are well cared for. She is contented and happy. A present change in her custody would be in the nature of an experiment which should not be made. [Chapsky v. Wood, 26 Kans. 650.]

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Nipper, J.,* concur; *Becker, J.,* dissents.