Willis L. Smoot, Appellant, v. Carrie K. Smoot, Respondent.
—61 S. W. (2d) 373.

Kansas City Court of Appeals, June 12, 1933.

W. *Rea Heath* for appellant.

*I. B. Smith* and *Arthur W. Edwards* for respondent.

TRIMBLE, J.—An appeal from an order of the circuit court setting aside a default judgment for divorce. The husband, Willis L. Smoot, filed suit for divorce against his wife, Carrie L. Smoot, on July 29, 1931, alleging indignities, and obtained service by publication on the ground she was a nonresident.

Judgment by default was rendered at the September term (September 25, 1931). The defendant's "Motion to Set Aside Default Decree" was not filed until the March term (April 19, 1932). Thus *two terms,* the November, 1931, and the January, 1932, terms of said court, had elapsed after the term at which the judgment was rendered and before the term at which the motion to set aside was filed.

At the hearing of the motion, evidence was heard *pro* and *con,* the counsel for plaintiff raising the objections that the motion to set aside contained "no facts justifying a reversal of the case" and that "the only way this question can be raised is by a suit in equity." The court took the matter under advisement until May 2, the 43rd day of the March term, 1932, on which the court entered the following order:

"Now on this day this case having been heretofore heard and by the court taken under advisement, and now the court being fully advised in the premises, of its own motion sets aside the default decree

heretofore rendered in this case, for the reason the court believes this court had no jurisdiction in this case.

"Wherefore, it is ordered and adjudged by the court that the default judgment heretofore rendered in this case be and the same is hereby set aside and for naught held."

Whereupon the plaintiff in said divorce case appealed.

It would seem to be clear that as the action of the trial court in setting aside the default judgment of divorce was had subsequent to the expiration of the term at which the judgment was rendered, it had no jurisdiction to do so. [Conant v. Conant, 221 Mo. App. 300; State ex rel. Conant v. Trimble, 311 Mo. 128.] The judgment was not subject to a petition for review. Sec. 1361, R. S. Mo. 1929, 2 Mo. St. Ann., p. 1576, much less to such a belated *motion* to set aside.

But respondent contends that the motion to set aside calls in question the jurisdiction or power of the court to render the original decree of divorce. [Citing State ex rel. v. Hall, 246 S. W. 35, l. c. 37.] Whether this would or would not make any difference, we need not say.

If we understand the record correctly, the trial court, not being willing to act on the motion, *ignored* it as a foundation for the court's action, and set the decree aside *of its own* motion. There is no lack of jurisdiction of the court in the divorce suit apparent on the face of the record. The court, in ordering the decree of divorce set aside, apparently held that since the evidence on the motion showed that the plaintiff was not in actual personal or physical presence in Missouri during the entire one year next before the filing of his petition for divorce, the court had no jurisdiction to hear or pass on the divorce action. The evidence, however, does not show he was not a *resident* of Missouri during that entire year. It shows nothing more than that the plaintiff being a resident of Missouri continuously for several years, packed his household goods and stored them and then. *made a trip* through Illinois, Iowa, North Dakota and Montana, and while on said trip wrote a letter to his wife asking her to let him *take the children* (who were with her in the State of Illinois) *to his home* in Missouri so they might be with him during the summer. There was no abandonment of his home, or cessation of his residence, in Missouri, unless he left the State with the intention to establish a residence elsewhere. [Humphrey v. Humphrey, 115 Mo. App. 361, 363.] Of this intention to establish his residence elsewhere, there is no evidence whatever. His petition stated that he "is now a resident of Jackson County, Missouri, and has resided within this State one whole year next before the filing of this petition." This the court, in the judgment of divorce, found to be true and there is no evidence under the motion to dispute it even if it were possible to attack that finding in the manner here attempted. So that whether the matter

be considered on the question of a lack of jurisdiction to act or on the existence of evidence sufficient to support the motion, the decree of divorce could not be legally set aside.

The judgment is therefore reversed. The other judges concur.