LESLIE DOUGLAS ALLEN *vs.* PAULINE LILLIAN ALLEN (now YOUNG).

Plymouth.    May 4, 1950. — July 3, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Marriage and Divorce,* Custody of child, Support of child. *Parent and Child.*

Reported evidence concerning the characters, the homes and the financial circumstances of divorced persons who had two minor sons and a minor daughter and who had both remarried did not show to be plainly wrong a decision by a judge of a Probate Court refusing to transfer custody of the daughter from the father to the mother, although the mother was given custody of the two sons, and refusing to order the father to contribute to the support of the sons.

LIBEL for divorce, filed in the Probate Court for the county of Plymouth on March 5, 1946.

Following a decree of divorce and a decree modifying it by agreement of the parties, a petition for further modification was filed by the libellee on July 18, 1949, and was heard by *Davis*, J. The libellee appealed from the decree entered thereon.

*S. O. Ball*, for the libellee.

*T. W. Prince*, for the libellant.

WILLIAMS, J. This is an appeal by the libellee from an adverse decree on her petition for modification of an earlier decree pertaining to the custody of the children of the libellant and libellee. The parties were married on July 23, 1941. Three children were born of the marriage, Penelope Diane in 1942, Perry Douglas in 1943, and Dana Crouse in 1945. A decree nisi for divorce on a libel alleging cruel and abusive treatment was awarded the libellant on June 11, 1946. Custody of Penelope was awarded to the paternal grandmother and custody of the two boys to the maternal grandmother, the libellant being ordered to pay $35 per month for the support and maintenance of the two boys. The decree was modified on July 7, 1948, on petition of the libellant, and upon agreement of the parties custody of Penelope was given to the libellant, such custody to be exercised at the libellant's home in Windsor, Vermont, where he was teaching school. It was provided that the libellee should have the right to visit the child at all reasonable times and to have the child visit with her from December 24, 1948, to January 5, 1949, and thereafter during the entire month of July of each year. The present petition for further modification of the original decree as modified prays for the custody of all three children and for contribution to their support by the libellant. On this petition a decree was entered on September 30, 1949, which awarded the custody of the two boys to the mother and left the custody of Penelope with the father, permission being given to exercise such custody in Glens Falls, New York. No order was made for the support of the boys, and the libellee's prayer for their support was therefore impliedly denied.

Although the evidence is reported, there is no report of material facts. The judge's decision, however, imports a finding of every fact supported by the evidence and essential to his conclusion. *Grandell* v. *Short*, 317 Mass. 605.

The case presents the not unusual situation of two young people of college age married during the war years and later divorced, for a cause very likely arising from mutual incompatibility. During the period of their marriage the libellant spent two or more years in the armed services. Since the divorce each has remarried, apparently happily. The libellant is now living at Glens Falls, New York, where he is in training for the position of special agent with an insurance company, receiving about $2,445 per annum after deductions for taxes, social security, Blue Cross and insurance. The libellee lives in Provincetown where her husband has received a salary of approximately $3,600 and she has recently earned $396 by painting and selling lamp shades during the summer. She and her husband wish to have all three children with them. The libellant does not desire the custody of the two boys, but with his wife wishes to retain the custody of the girl. The home of each party is of a character suitable for the upbringing of a child or children. The libellant and his wife and the libellee and her husband appear to be fit persons to look after the children. *Richards* v. *Forrest*, 278 Mass. 547, 552.

The practice upon a probate appeal of this nature "is that questions of fact as well as of law are brought before this court, whose duty is to examine the evidence and decide the case according to its judgment, giving due weight to the finding of the trial judge." *Hersey* v. *Hersey*, 271 Mass. 545, 554. The judge was confronted with the problem of deciding whether it was wiser to leave the girl with her father with whom she had lived since the earlier decree of modification or to unite her with her brothers in the custody of her mother. His duty was to consider the best interests of the child. *Richards* v. *Forrest*, 278 Mass. 547, 553. *Harding* v. *Brown*, 227 Mass. 77, 87. *Grandell* v. *Short*, 317 Mass. 605, 608. *Sherrer* v. *Sherrer*, 320 Mass.

351, 359. *Heard* v. *Heard*, 323 Mass. 357, 377. See *Welker* v. *Welker*, 325 Mass. 738, 745. The testimony of different witnesses was conflicting as to the home in which the girl seemed to be happier. In making his decision the judge had the advantage of having seen and heard the witnesses. *Oliver* v. *Oliver*, 151 Mass. 349, 350. *Osborne* v. *Craig*, 251 Mass. 169, 172. *Jenkins* v. *Jenkins*, 304 Mass. 248, 252. Although it is unfortunate that the children are not to be brought up together, see *Richards* v. *Forrest*, 278 Mass. 547, 556; *Gordon* v. *Gordon*, 317 Mass. 471, 477, we cannot say that the judge was plainly wrong in the conclusion to which he came. The same is true in reference to his failure to order payments to the libellee for the support of the boys. The judge could have found that the present earning capacity of the libellant was insufficient to justify a contribution for the support of the boys in addition to the cost of supporting the girl. *Graves* v. *Graves*, 108 Mass. 314, 321. While the obligation of the libellant to support and maintain his present wife would not be a bar to the libellee's claim for support, it is a circumstance to be considered with other pertinent facts. *Brown* v. *Brown*, 222 Mass. 415, 418.

Details of the testimony, much of which is recited in the libellee's brief, need not be stated. It cannot be said that the conclusion of the trial judge was plainly wrong.

*Decree affirmed.*