Madge D. **FOX**, Respondent,

v.

John G. **FOX**, Appellant.

No. 22689.

Kansas City Court of Appeals.
Missouri.

April 7, 1958.

Chester B. Kaplan, Kansas City, for appellant.

W. M. Thurman, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This appeal involves the allowance of an attorney's fee. On December 8, 1955, plaintiff, Madge D. Fox, instituted in the Circuit Court of Jackson County, at Independence, an action for divorce against defendant. Her petition alleged that no children were born of the marriage. On March 16, 1956, she was granted a decree of divorce by default. No alimony was sought by plaintiff and thus none was allowed by the court.

Thereafter, on February 15, 1957, eleven months after the divorce was granted, defendant filed what he styled: "Motion in Nature of a Writ of Error Coram Nobis to set aside Default Judgment." In said motion defendant alleged that the divorce decree was obtained by fraud. That it was not the proper remedy was ruled by this court in the case of Ragland v. Ragland, 258 S.W. 728.

Thereafter, on April 3, 1957, plaintiff filed a motion in which she alleged that she was unable to pay the costs and attorneys fees required to defend the motion filed by defendant, and prayed for a judgment against defendant for a reasonable attorney's fee.

Thereafter, on April 12, 1957, both motions were taken up by the court. Defendant did not appear although the judgment entry recites that he was "duly notified." The court overruled defendant's motion in the nature of a Writ of Error Coram Nobis, and sustained plaintiff's motion for attorney's fees, allowing her the sum of

$100. From this judgment awarding attorney's fees against him defendant appeals.

Defendant contends that the order allowing attorney's fees was unauthorized. Apparently there is no reported case in this State covering this exact situation.

 It is clear that the divorce decree rendered on March 16, 1956, (no motion for new trial having been filed, or any action having been taken by the court on its own initiative) became final 30 days after its rendition. Conant v. Conant, 221 Mo.App. 300, 278 S.W. 90 and State ex rel. Iannicola v. Flynn, 239 Mo.App. 721, 196 S.W. 2d 438.

If this were a motion to modify a judgment with respect to alimony or the maintenance of children, there is no doubt but that the court would have been authorized to allow suit money. Smith v. Smith, 151 Mo.App. 649, 132 S.W. 312; Kaplun v. Kaplun, Mo.App., 227 S.W. 894. Such a motion is "but a continuation of the original jurisdiction." Wald v. Wald, 168 Mo.App. 377, 383, 151 S.W. 786, 788; Haagen v. Haagen, Mo.App., 11 S.W.2d 757. This is so because under the statute (Sect. 452.070 V.A.M.S.) the court that grants the decree retains jurisdiction as to the modification of the judgment for maintenance of the wife and custody of the children. Meyers v. Meyers, 91 Mo.App. 151; Phipps v. Phipps, 168 Mo.App. 697, 154 S.W. 825. In other words, "a divorce suit is still pending after judgment" in so far as it affects alimony or custody of children. Smith case, supra. But in the instant case neither alimony or minor children are involved. The judgment for divorce had become final long before defendant's motion was filed.

In the case of Beckler v. Beckler, 227 Mo.App. 761, 57 S.W.2d 687, this court held that the trial court did not have jurisdiction *after* a divorce decree to award the wife an allowance for an attorney's fee for services rendered in the trial, although the allowance was made at the trial term.

And in the case of Coons v. Coons, 236 S.W. 364 this court said that "it has long and often been held in this state that the circuit court has no right to make an award for alimony or attorney's fees *after* the trial of the divorce case and *before* the application for appeal is filed." One of the cases cited in support of that statement is that of Watkins v. Watkins, 66 Mo.App. 468. It states that the basis for such holding is that "there was a final decree from which there was no appeal taken, and therefore it can not be said that the suit was still pending."

When the order awarding attorney's fees was made in the instant case there was no suit pending. Thus the court had no jurisdiction to make the order. The judgment is reversed. All concur.