WILLIAM L. HAYDEN *vs.* ELEANOR T. HAYDEN. January 7, 1983. Dr. Hayden appeals from a judgment entered August 13, 1981, in the Probate and Family Court modifying earlier custody arrangements with respect to the parties' minor son, William. Two issues only are argued.

1. The trial judge properly received in evidence and considered the report of a probation officer of the court appointed pursuant to G. L. c. 276, § 83. The investigation of the custody situation was requested of the probation department of the court by the trial judge on September 2, 1980. The probation officer assigned to the case testified concerning her investigation and report and was subjected to cross-examination. Such an officer by G. L. c. 276, § 85A, inserted by St. 1969, c. 771, § 3, in "addition to other duties imposed upon" her, may make certain specified investigations and under § 86B, also inserted by St. 1969, c. 771, § 3, may "make recommendations to the probate court, where there are dependent minor children, for the betterment of the conditions of said . . . children and . . . ascertain when requested to do so by the court the moral and general conditions surrounding said . . . children and . . . report the result of said finding to" the court.

It long has been within the Probate Court's power in such matters to appoint a guardian ad litem. See G. L. c. 215, §§ 56A & 56B. Section 56A, as appearing in St. 1975, c. 400, § 72, provides that "probation officers shall assist . . . [a] guardian ad litem so appointed, upon his request." See *Gilmore* v. *Gilmore,* 369 Mass. 598, 603-606 (1976), which approves of admitting in evidence a guardian ad litem's investigatory report in a child custody proceeding (subject to cross-examination of the guardian). We think similar principles apply to an investigation by a court-appointed probation officer in view of the explicit provision of c. 276, § 85B, already quoted, even though § 85B is included in a chapter of the General Laws dealing with proceedings in criminal cases. The Probate Court reasonably may use its probation officers (who may have a useful expertise in dealing with such cases) in child custody investigations in a manner not limited to the criminal enforcement of child support obligations.

2. The probate judge acted well within his sound discretion in declining to have a conference in camera with the son of the parties, then twelve years old, because the judge (on the basis of evidence not all of which appears in the record appendix) thought the son "was in the recent past not in a neutral environment and [was] under . . . [his] father's influence and pressure." See *Hale* v. *Hale,* 12 Mass. App. Ct. 812, 820 (1981), and cases cited. See also *Grandell* v. *Short,* 317 Mass. 605, 607 (1945). Cf. *Dumain* v. *Gwynne,* 10 Allen 270, 275 (1865); *Custody of a Minor,* 383 Mass. 595, 602 (1981).

*Judgment affirmed.*

*Paula M. Golden* for William L. Hayden.
*Earl M. Weissman* for Eleanor T. Hayden.