STATE OF MISSOURI EX REL. CHARLES IANNICOLA, RELATOR, v. WILLIAM B. FLYNN, JUDGE OF THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI.—196 S. W. (2d) 438.

St. Louis Court of Appeals. Opinion filed September 17, 1946.

722

*C. F. Wescoat and Harry Gershenson* for relator.

*Louis L. Hicks* for respondent.

ANDERSON, J.—This is an original proceeding in prohibition by which relator seeks to have this court prohibit respondent, Hon. William B. Flynn, Judge of the Circuit Court of the City of St. Louis, Division No. 16, from proceeding in a certain cause pending in said circuit court, entitled Katie Iannicola v. Charles Iannicola, except to set aside the order of said circuit court in vacating a decree of divorce granted relator.

Respondent, in a return filed to the preliminary writ, expressly admitted the facts stated in the relator's petition, and pleaded certain additional facts. Relator, by filing a motion for judgment on the pleadings, admitted the latter facts. Therefore, we will look to the relator's petition and respondent's return to ascertain the facts in this case.

On September 17, 1945, Katie Iannicola, wife of relator, filed suit against relator for separate maintenance in the Circuit Court of the City of St. Louis. This suit was assigned to Division No. 16, which is presided over by respondent herein. Defendant, relator herein, was duly served with summons in said suit, and in due time filed his answer to said petition. Thereafter, on December 11, 1945, relator filed in said cause an amended answer and cross-bill. In the latter he alleged certain indignities as grounds for divorce, and prayed a divorce from the bonds of matrimony contracted with the plaintiff.

On March 11, 1946, during the February Term, 1946, the cause came on for trial, and on said day, the court, of its own motion, ordered that plaintiff's petition be dismissed for want of prosecution, and granted defendant a decree of divorce on his cross-bill. From the decree it appears that plaintiff was not present in court, but at the time was represented in court by her attorney. By the decree plaintiff was allowed an additional attorney's fee of fifty dollars. On the same day, plaintiff, through her attorney, in open court acknowledged satisfaction of the judgment for the additional attorney's fees.

The return further shows that on the same day on which the divorce was granted to relator on his cross-bill, a stipulation was signed and filed in said cause. Said stipulation is as follows:

"THIS STIPULATION, Made and entered into this 4th day of March, 1946, by and between Katie Iannicola, hereinafter called party of the first part, and Charles Iannicola, hereinafter called party of the second part, WITNESSETH:

WHEREAS, there is pending between the parties action for separate maintenance and divorce, numbered 90611, in the Circuit Court of the City of St. Louis, Missouri; and

WHEREAS, the parties desire to settle, compromise and adjust all property rights which each now *his* or may hereafter have in and to the property and estate of the other:

NOW, THEREFORE, said parties agree as follows:

1. Said party of the first part hereby waives, relinquishes and releases any and all rights, title, interest and estate in and to any property, whether real, personal or mixed, and wheresoever situated, belonging to or owned by said party of the second part, his heirs or assigns, and more particularly her right of dower or other marital right in and to the following described real property located in the City of St. Louis, Missouri, to-wit:

Lot in Block 2154 of the City of St. Louis, fronting 25 feet on the North line of Eads Avenue by a depth Northwardly between parallel lines of 133'1", more or less, to an alley; bounded on the East by the West line of Joseph Brewster's subdivision or a line 200 ft. 7⅛ inches East of the East line of Pennsylvania Avenue.

2. Said party of the first part further waives and releases said party of the second part from any claims or causes of action arising out of the marriage of the parties, and more especially claims or causes of action for support, maintenance, alimony, or any other items.

3. Said party of the second part, in consideration of the foregoing, agrees to pay to said party of the first part in cash, at the time of the granting of a decree of divorce to her, the sum of Five Hundred Dollars ($500.00), and in addition thereto to pay in cash to her attorney, Charles E. Wells, the sum of Fifty Dollars ($50.00), and the costs of said divorce action.

4. Said party of the first part agrees to amend her petition for separate maintenance and pray for a decree of divorce only.

5. Said party of the second part agrees to dismiss his cross-bill in the above entitled action.

Executed at the City of St. Louis, Missouri, the day and year first above written.

(s) · Katie Iannicola
Party of the First Part.
(s)   Charles Iannicola
Party of the Second Part.''

The return shows that on the same day on which the decree of divorce was entered, respondent instructed the attorney for Katie Iannicola to notify his client that she would be allowed thirty days to take whatever action she saw fit in relation to the decree of divorce entered against her.

On April 2, 1946, Louis L. Hicks, Esq., entered his appearance as attorney for Katie Iannicola, and on said day filed on her behalf a motion to set aside said decree. The following grounds were alleged in said motion, as amended:

''4. That on or about the 11th day of March, 1946, the defendant represented to plaintiff that he would dismiss his petition and cross-bill praying for a decree of divorce and plaintiff and defendant did on said 11th day of March, 1946, enter into and execute an agreement and stipulation wherein defendant agreed to dismiss his cross-bill praying for a decree of divorce and plaintiff did rely upon said representations and said stipulation and believed that said stipulation and agreement would be faithfully performed by defendant.

5. That on the same day to-wit: the 11th day of March, 1946, defendant and (sic) in violation of said agreement and representations failed and omitted to perform said agreement and said stipulation and without the knowledge of plaintiff, did appear before the court and cause a hearing to be had upon his cross-bill praying for a divorce, whereupon defendant was granted a default decree of divorce from the plaintiff and a decree in said cause was entered of record wherein it is stated that plaintiff appeared by attorney when in truth and in fact plaintiff was not present and said proceeding was had without the knowledge of or notice to plaintiff.

6. That plaintiff is of Croatian descent and is not well versed in the English language nor familiar with court proceedings and having confidence in her attorney and by reason thereof did not make any inquiry or investigation concerning the matter and did not know that said decree was to be or had been granted and believed that defendant had dismissed his said cross-bill until the 12th day of March, 1946, when plaintiff received a letter by registered mail from the attorney stating that he was withdrawing from the case and that she would have thirty days from March 11, 1946, to re-open her case, and plaintiff has now retained other counsel.''

On the day the foregoing motion was filed respondent instructed Mr. Hicks to enter the motion on the law docket to be heard April 12, 1946. On the latter date the plaintiff, Katie Iannicola, appeared in court in person and by attorney, and relator also was present in court in person and by attorney. On that date, on the hearing on the

motion, testimony was offered by both parties. Plaintiff testified that she did not want a divorce; that she had been deceived about the matter; and that the first she knew a hearing was to be or had been held, and a decree of divorce granted relator, was on March 12, 1946, when she received a letter from the attorney who represented her at that time.

Immediately after the hearing on said motion, and on the same day, to-wit, April 12, 1946, the court sustained the said motion, entered its order setting aside the decree of divorce entered on March 11, 1946, and re-instated the plaintiff's petition and defendant's cross-bill upon the court's docket for further proceedings. Thereafter relator filed a motion to set aside this order, which motion was over-ruled on April 18, 1946. Relator then instituted this proceeding, requesting this court to prohibit respondent from entertaining any further proceedings in said cause except to set aside and vacate the orders of April 12, 1946, and April 18, 1946.

Relator contends that the respondent's action in setting aside the decree in this case was in excess of his jurisdiction because it was entered upon an untimely motion more than thirty days after the decree was rendered.

Section 115 of the General Code for Civil Procedure, Laws of Missouri, 1943, p. 388, provides that a new trial may be granted for any of the reasons for which new trials have heretofore been granted. Supplementing this statute, the Supreme Court has enacted Rule 3.22, which provides:

"The court may award a new trial of any issue upon good cause shown and in any case where there has been a failure of proof, mistake or surprise of a party or his attorney, or a misdirection of the jury by the court, or a mistake by the jury, or misbehavior of the jury or a juror, or a finding contrary to the direction of the court, *or a fraud or deceit practiced by one party on the other, or the court* is satisfied that perjury or mistake has been committed by a witness, and is also satisfied that an improper verdict or finding was occasioned by any such matters, and that the party has a just claim or defense, it shall, *on motion of the proper party,* grant a new trial, and if necessary, permit the pleadings to be amended on such terms as may be just."

Section 116 of the Code, Laws of Missouri, 1943, p. 388, provides that:

"A motion for a new trial shall be filed not later than 10 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion is filed the judgment is not final until disposition of the motion."

Section 119 of the Code, Laws of Missouri, 1943, p. 389, provides:

"Not later than 30 days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might

have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

In the case at bar, Mrs. Iannicola in her motion sought to have the divorce decree vacated on grounds which, by the statutes and rules of the Supreme Court, are grounds for new trial. The said motion was not filed within ten days after the rendition of the decree, and was not acted upon by the Court until more than thirty days after the date of the decree. Such being the case, we must rule that the court was without jurisdiction to set aside said decree.

In State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916, it was held that a motion to set aside a default decree not filed within the time allowed by the statute for motions for new trial has no status as a motion, but is a mere suggestion to the court, and such motion will not carry the case beyond the period during which the court retains jurisdiction to act on its own motion. Under the practice prior to the adoption of the new Code, the period during which the court retained jurisdiction was the judgment term. Under the new practice that period is limited by Section 119 to thirty days after entry of judgment.

While the doctrine announced in the Conant case was *obiter dictum*, it has subsequently been affirmed many times by the Supreme Court. [Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026; State ex rel. Union Electric Light & Power Co. v. Sevier, 339 Mo. 732, 98 S. W. (2d) 980; Boegemann v. Bracey, 315 Mo. 437, 285 S. W. 992; Landau v. Consumers Mill Produce Co. (Mo.), 36 S. W. (2d) 921; State ex rel. May Department Stores Co. et al. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44; State ex rel. Holtcamp v. Hartmann, 330 Mo. 386, 51 S. W. (2d) 22; Taylor v. Cleveland, C. C. & St. L. R. Co., 333 Mo. 650, 63 S. W. (2d) 69; Kelso v. W A. Ross Const. Co., 337 Mo. 202, 85 S. W. (2d) 527.]

Our conclusion must be that no authority existed for the court to make the order of April 12, 1943, vacating this judgment, or thereafter to proceed further therein.

The preliminary rule of prohibition is made permanent. *Hughes, P. J.,* concurs in result; *McCullen, J.,* concurs in separate opinion.

### SEPARATE CONCURRING OPINION.

McCULLEN, J.—I concur fully in the opinion written by my associate Judge ANDERSON in this case, except that part thereof wherein he refers to the doctrine announced in the case of State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916, as *"obiter dictum."*

As pointed out in Judge ANDERSON's opinion, the doctrine mentioned has been affirmed and re-stated in many cases decided by our Supreme Court wherein the Conant case has been cited as authority. Furthermore, we are basing our decision in the case at bar on the doctrine announced in that case. In a very recent case—State ex rel.

728

Green v. James, Mo. Sup. (*en banc*), 195 S. W. (2d) 669, 673, the Conant case is referred to as an authority.

In view of the many decisions of the Supreme Court wherein the Conant case has been cited as an authority, I do not believe it is quite accurate for us to refer to it as "*obiter dictum.*"

With the exception above noted, I concur in everything that is said in Judge ANDERSON's opinion.

*Hughes, P. J.*, concurs in the views herein stated.