233 S.W.2d 757 (1950)
MID-STATES EQUIPMENT CORP.
v.
HOBART WELDERS SALES & SERVICE, Inc.
No. 28007.
St. Louis Court of Appeals, Missouri.
November 2, 1950.
Raymond F. McNally, Jr., St. Louis, for appellants.
Arthur G. Heyne, St. Louis, for respondent.
ANDERSON, Presiding Judge.
This is an action in two counts brought by Mid-States Equipment Corporation and M. A. Goldsmith, trustee in bankruptcy of said corporation, as plaintiffs, against Hobart Welders Sales & Service, Inc., as defendant. By the first count of the petition plaintiffs sought to recover the reasonable value of goods and equipment sold to defendant *758 on a open account; and by the second count plaintiffs sought to recover the reasonable value of certain repairs made by plaintiffs upon defendant's welding equipment. By its answer, defendant denied the reasonableness and propriety of the charges sought to be recovered. The defendant also filed a counterclaim on the theory of breach of warranty, and prayed judgment for $1,577.41, with interest, "plus demurrage and costs." The plaintiffs' reply put in issue the allegations of the counterclaim.
On April 8, 1949, the parties waived a jury and, on September 26, 1949, the cause came on for trial and progressed from day to day and was concluded on September 28, 1949, at which time the cause was taken as submitted. On February 17, 1950, the court rendered its judgment for plaintiffs and against defendant for $300 and costs, and for plaintiffs and against defendant on the latter's counterclaim.
On March 2, 1950, the plaintiffs filed a motion to amend the judgment by increasing the damages awarded to the full amount sued for, towit, $900.83.
On March 3, 1950, the defendant filed a motion to amend the judgment and a separate motion for new trial.
On March 17, 1950, the court overruled the several motions to amend the judgment filed by the parties. On March 18, 1950, the court sustained defendant's motion for new trial "on the ground that the verdict is against the weight of the evidence." From this order of the court, plaintiffs have appealed.
Appellants contend that because the motion for new trial was not filed within ten days after judgment the trial court was without jurisdiction to act on same, and prays that the order appealed from be reversed and the cause remanded with directions to the trial court to expunge from the record the order sustaining defendant's motion for new trial and to reinstate the judgment of February 17, 1950.
At common law, a judgment remained in the breast of the court during the term at which the judgment was rendered, and could be set aside or modified by the court, as justice required, during said term, regardless of motions of any kind. Wooten et al. v. Friedberg, 355 Mo. 756, 198 S.W.2d 1. However, under the new General Code for Civil Procedure that period is limited to thirty days after the entry of judgment. See Section 119 of the Code, Laws Mo. 1943, p. 389, Mo.R.S.A. § 847.119.
The cases also hold that if a motion for new trial is filed after the time fixed by the statute, the court, if it sees proper, may treat it as a suggestion and, acting thereon, exercise its discretion and grant a new trial during the judgment term. Ewart v. Peniston, 233 Mo. 695, 136 S.W. 422; Williams v. Kansas City Southern R. R. Co., 156 Mo.App. 675, 138 S.W. 44; Anderson v. Perkins, 52 Mo.App. 527; Head v. Randolph, 83 Mo.App. 284; Nelson v. Ghiselin, 17 Mo.App. 663; Martin v. St. Charles Tobacco Co., 53 Mo.App. 655. But said untimely motion will not carry the case beyond the period during which the court retains jurisdiction to act on its own initiative. State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S.W. 916; State ex rel. Iannicola v. Flynn, 239 Mo.App. 721, 196 S. W.2d 438.
Under Section 119 of the Code, supra, the trial court, during the thirty day period after judgment, has the same inherent power, for good cause shown, to vacate a judgment as it did during the judgment term under the old practice. State ex rel. Iannicola v. Flynn, 239 Mo.App. 721, 196 S.W.2d 438.
In the case at bar, the court awarded a new trial within thirty days after judgment, and though the order recited that the motion for new trial was sustained, in legal contemplation it will be deemed an action by the court of its own initiative, made at the suggestion of defendant. Clearly, under the authorities supra, the court did not exceed its jurisdiction, as claimed by appellants.
The cases relied upon by appellants are not in point. They hold that where the trial court refuses to vacate a judgment upon *759 a motion for new trial untimely filed, the appellate court will not interfere. That is not the situation in the case at bar.
The order appealed from is affirmed.
McCULLEN and HOUSER, JJ., concur.