STATE of Missouri ex rel. Clarence AUBUCHON et al., Relators,

v.

Douglas L. C. JONES, Judge of Division No. 5 of the Circuit Court of St. Louis County, Missouri, Respondent.

No. 31611.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Schurr & Inman, Robert L. Inman, Clayton, for relators.

George E. Murray, Clayton, for respondent.

RUDDY, Presiding Judge.

This is an original proceeding filed in this court wherein relators seek to compel the respondent, Honorable Douglas L. C. Jones, Judge of Division No. 5 of the Circuit Court of St. Louis County, Missouri, by our writ of mandamus, to permit relators to intervene in an annexation proceeding pending before respondent. Our alternative writ of mandamus was issued on relators' petition and respondent has filed his return to said alternative writ.

Relators in a motion filed by them have moved for judgment on the pleadings, thereby admitting all facts well pleaded in the return. All allegations of the petition and the alternative writ properly pleaded and not denied by respondent in his return are admitted to be true. State ex rel. Bliss et al. v. Grand River Drainage Dist. et al., 330 Mo. 360, 49 S.W.2d 121, l.c. 124; State ex rel. William R. Compton Co. v. Walter, 324 Mo. 290, 23 S.W.2d 167, l.c. 173; State ex rel. Berg et al., v. Thompson, Mo.App., 256 S.W.2d 566, l.c. 567. This leaves only questions of law for our determination. It is alleged in relators' petition, by reference to an exhibit attached, and in the alternative writ that the relators "are inhabitants and owners of real estate in the unincorporated area that plaintiff seeks to annex." This allegation is not denied by respondent; therefore, it is admitted.

Other facts disclosed by the pleadings show that on October 6, 1959, the City of Fenton, Missouri, a municipal corporation, instituted its action for annexation of three parcels of land described in the annexation petition, which parcels were adjacent and contiguous to the City of Fenton, Missouri. In the annexation proceeding 28 individuals, owners of land in the parcels involved, were named as defendants and were alleged to be representative of the class of persons owning land in the area sought to be annexed. These defendants were duly served with summons and upon failing to answer an interlocutory judgment of default and inquiry was granted against them on November 12, 1959, thirty-seven days after the annexation suit was filed. None of the present relators was named as a defendant in the original action.

On November 26, 1959, sixty-one individuals filed a joint motion to set aside the interlocutory judgment of default and inquiry and asked that they be permitted to intervene in the annexation proceeding. Thereafter, on or about November 30, 1959, the interlocutory judgment of default and inquiry entered November 12, 1959, was set aside and said 61 individuals were permitted to intervene in the annexation proceeding. Thereupon, said intervenors filed a responsive pleading. Among those permitted to intervene on this date were Glen E. Biehl and Mrs. Glen (Marguerite) Biehl, his wife; Robert J. Perry and Mrs. Robert (Ida) Perry, his wife. On the same day the above individuals were permitted to intervene, St. Louis County, a municipal corporation, and James H. McNary as Supervisor of said County, were permitted to intervene in said cause and filed their responsive pleadings to the annexation petition. On March 27, 1962, plaintiff (City of Fenton) in the annexation proceeding filed an amended petition reducing the number of tracts sought to be annexed from three (3) to two (2).

On April 6, 1962, plaintiff filed a motion to dismiss as to certain named intervenors and defendants inasmuch as the property of which they were owners and residents was no longer sought to be annexed. At the time the aforesaid motion was filed a notice to hear said motion on April 19, 1962, was filed, on which day the said motion was duly heard by respondent and submitted to said respondent. On September 24, 1962, respondent found that said named intervenors and defendants were no longer interested in the subject matter of the annexation proceeding and their names were ordered stricken as defendants and intervenors. Said defendants and intervenors, so dismissed and stricken on said date did not have responsive pleadings to the amended petition on file at that time. On April 18, 1962, prior to the time of the entry of the court's order dismissing certain defendants and intervenors, the attorney for all intervenors was permitted to withdraw as counsel for all intervenors. At the time counsel for said intervenors withdrew from the case he filed in the proceedings the following court memorandum: "With leave of court the undersigned attorney for Intervenors Orville Hendricks, et al., withdraws as counsel for Intervenors, a copy of this memorandum being mailed to each of the intervenors." Prior to the time permission was granted counsel to withdraw, no pleading had been filed by counsel on behalf of intervenors to the amended petition, nor were intervenors advised that an amended petition had been filed. St. Louis County and James H. McNary as County Supervisor filed several motions to plaintiff's amended petition, which motions were never taken up or submitted to the court. On September 18, 1962, St. Louis County and James H. McNary, as Supervisor of St. Louis County, withdrew as intervenor defendants and dismissed their pleadings in the annexation proceeding.

On September 24, 1962, the date the trial court found that certain named intervenors and defendants were no longer interested in the subject matter of the annexation proceeding and their names were ordered stricken and the annexation proceeding dismissed as to them, the court entered an interlocutory judgment of default and inquiry as to the remaining defendants and intervenors for their failure to file pleadings to plaintiff's (City of Fenton) amended petition. Thereafter, there was no further inquiry by the court and none sought by plaintiff and no final judgment of annexation was entered.

On December 10, 1962, approximately 2½ months after the entry of the interlocutory judgment of default and inquiry as to the remaining defendants and intervenors, the relators in the instant case filed their motion to intervene, accompanied with their proposed answer to the amended petition and a motion to set aside the interlocutory judgment of default and inquiry previously entered.

Relators' motion to intervene and to file said answer and to set aside the interlocutory judgment of default and inquiry was denied by the respondent on the 23rd day of April, 1963. At the time of the filing of the instant mandamus proceeding the interlocutory judgment of default and inquiry had not been reduced to final judgment.

The present relators who sought to intervene in the court below numbered 75. Among the 75 who seek intervention in the proceedings below are Glen E. Biehl, Marguerite Biehl, Robert J. Perry and Ida Perry, who were among the 61 individual intervenors who were permitted by the trial court to intervene on November 30, 1959.

Relators in their motion to intervene, filed in the trial court below, alleged that they are inhabitants and owners of real estate in the unincorporated area that plaintiff (City of Fenton) seeks to annex and are fairly representative of the class consisting of the majority of inhabitants and owners of real estate in said unincorporated area. It is further alleged in said motion to intervene that the relators have an interest in the controversy between the City of Fenton and those presently joined as defendants and intervenors and that they (relators) will be bound by a judgment in the action.

It is further alleged that the representation of their interest by existing parties in the proceeding is inadequate and that their defense to the proceeding has questions of law and fact in common with plaintiff's petition. They further allege that if permitted to intervene they will not unduly delay or prejudice the adjudication of the rights of the parties thereto. We see no need to recite the allegations of the proposed answer that accompanied their motion to intervene, nor is it necessary to recite the allegations contained in their motion to set aside the interlocutory judgment of default and inquiry.

It is admitted in the return of respondent that the interlocutory judgment of default has not been reduced to final judgment. In his return respondent denies that relators have no remedy other than mandamus, "in that Glen E. Biehl, Marguerite Biehl, Robert J. Perry, and Ida Perry, were all Intervenor-Defendants in default in the original law suit, and have their right to appeal upon final judgment thereon, should such judgment be adverse to their interest; * * *." It is further alleged in said return that the "Relators were part of a group or organization, chose their own course of action opposing this suit from the time of its filing in September of 1959, as shown by the transcript of the testimony of the only two Relators who appeared in Court to testify on this last motion to intervene on February 1st, 1962. They were aware of this action from its inception and certain individuals connected with their organization were the original Intervenor-Defendants. These individuals now being in default, these additional proposed intervenors from the same group, including four (4) of the original defaulting intervenors, are presently attempting to delay this action, by coming in some four (4) years later."

It is further alleged by respondent in his return that relators were not entitled to intervention as a matter of right, in that they failed to make timely application for intervention. It is further alleged by respondent in his return that he could not have exercised any discretion in favor of relators in that their motion to set aside the default was not timely filed, no good legal reason was shown for the default, relators failed to show that they had exercised due diligence, and relators failed to show that they had a meritorious defense.

At a hearing held before respondent, subsequent to the filing of the motion to intervene, two of the relators testified that they lived in and owned land in the area that the City of Fenton is proposing to annex by the existing proceeding and that they were aware of the annexation proceeding from its beginning and knew that it had been pending approximately

four years. They testified that they were not named as defendants in the original proceeding and that they joined an organization and signed a petition to oppose the annexation. Certain named individuals within the organization to which they belonged intervened in the proceeding and counsel was retained to represent them as representatives of the class. It was their understanding that the lawyer engaged was still representing them and they did not learn otherwise until "the last part of November," prior to the filing of the motion to intervene on December 10th, 1962. After learning that they were not represented by a lawyer in the annexation proceeding, they retained the lawyers who are now representing relators in this mandamus proceeding.

We have omitted other allegations in respondent's return which questioned our authority in this mandamus proceeding to consider the respondent's refusal to set aside the interlocutory judgment of default and inquiry. This question needs no determination inasmuch as relators admit that their right to have the interlocutory judgment of default and inquiry set aside is not before this court. The only relief relators seek is the right to intervene in the annexation proceeding. However, respondent in his first point contends that he correctly denied relators' application to intervene because more than thirty days had elapsed after the entry of the interlocutory judgment of default and the filing of relators' application to intervene and that because more than thirty days had elapsed after the entry of the interlocutory judgment of default, respondent says he was without jurisdiction to set aside such interlocutory judgment and, therefore, had no jurisdiction to permit relators to intervene. In support of this contention respondent cites Civil Rule 75.01, V.A.M.R.; State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S.W. 916; Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, and State ex rel. Iannicola v. Flynn, 239 Mo.App. 721, 196 S.W.2d 438. The cases of State ex rel. Conant v.

Trimble, supra, and State ex rel. Iannicola v. Flynn, supra, involve final decrees and judgments of divorce. In the case of Wooten v. Friedberg, supra, the judgment involved was a final decree for specific performance. None of these cases involved an interlocutory judgment for default and inquiry. Civil Rule 75.01 provides that the trial court retains control over judgments during the thirty day period after entry of judgment and may vacate, reopen, correct, amend or modify judgment for good cause within that time. Also, within that time the court may order a new trial on its own initiative for any reason for which it might have granted a new trial on motion of a party. Under this Rule the judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for new trial is filed. (See Civil Rule 82.05.) The interlocutory judgment of default and inquiry entered by the court on September 24, 1962, was entered pursuant to Civil Rule 74.045 (§ 511.110 RSMo 1959, V.A.M.S.) which authorizes an interlocutory judgment of default against a defendant who shall fail to file his answer or other pleading within the time prescribed by law or the rules of practice of the court. Such a judgment is not the same as a final judgment, as was discussed in the cases cited by respondent. Under Civil Rule 74.05 (§ 511.120 RSMo 1959, V.A.M.S.) "Such (interlocutory) judgment may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just."

In the case of Kallash v. Kuelker, Mo. App., 347 S.W.2d 467, the trial court entered an interlocutory judgment of default against the defendant on May 10, 1960. On May 25, 1960, the defendant not appearing and being still in default, the trial court upon a further hearing assessed the plaintiff's damages and entered a default judgment against defendant in the sum of $12,-500. On June 21, 1960, the defendant filed a motion for "a new trial" or for an order vacating the default judgment, including

the interlocutory judgment of default and inquiry entered May 10, 1960. On June 24, 1960, the trial court held a hearing and on that day ordered the interlocutory default decree of May 10, 1960, and the default judgment of May 25, 1960, assessing damages, to be vacated and for naught held. In discussing the nature and scope of the appeal, we said: "The 'judgment heretofore entered in this action' must be considered to be the default judgment entered May 25, 1960, assessing the damages. That judgment, subject only to the control over it by the court for 30 days (Civil Rule 75.-01), was the only final judgment then entered in the cause. 'A [final] judgment is the final determination of the rights of the parties,' * * *." (347 S.W.2d l.c. 469). In answering a complaint of the plaintiff, wherein it was contended that the trial court had no authority to set aside the interlocutory judgment and proceeding, after pointing out the provisions of Civil Rule 74.05 (§ 511.120, supra), we said: "The fact that the court in its order of June 24, 1960, vacating the default judgment of May 25, 1960, included the interlocutory judgment of May 10, 1960, as prayed in defendant's motion to vacate the judgment, does not affect the situation since no appeal was taken from that feature of the order and no appeal could have been taken for want of a final order, and further, the order setting aside the interlocutory judgment was in fact and *still is* prior to any *final* judgment assessing the damages as required by Section 511.120." (347 S.W.2d l.c. 472). Also, see O'Connell v. Dockery et al., Mo.App., 102 S.W.2d 748.

In further support of his contention that he was without jurisdiction to permit intervention after the judgment of default had been entered, respondent cites the case of State ex rel. Simons v. Wilcox, Mo.App., 224 S.W.2d 392. In that case the application to intervene was filed after a hearing on the merits and a final judgment was entered. The court after finding that the action was no longer pending and that the issues had been judicially determined and a judgment rendered thereon, said: "In our opinion, the judgment herein had become final and, there being no action then pending before respondent, he had no authority to entertain the motion of Peterson to intervene." This case offers no support to respondent because, as in his other authorities, it involves a final judgment.

We need not rule the question whether respondent was correct in his refusal to set aside the said interlocutory judgment because, as pointed out, this question is not before us. We have discussed it in order to show that the interlocutory judgment of default and inquiry was not a final judgment and that said interlocutory judgment is no bar to respondent's jurisdiction to entertain relators' motion to intervene.

Relators contend they have an absolute right to intervene by virtue of Civil Rule 52.11, V.A.M.R. (§ 507.090 RSMo 1959, V.A.M.S.), the pertinent parts of which are as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *.

* * * * * *

"(c) Motion to Intervene and Practice in Intervention. (1) A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

These provisions should be construed liberally to permit broad intervention. This is in accord with the spirit of the code. State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257, 2 A.L.R.2d 216; National Surety Corporation v. Fish-

er, Century Indemn. Co., Mo., 317 S.W.2d 334, 339. Paragraph (a) of Civil Rule 52.11 gives an unconditional right to intervene when the representation of the applicant's interest by existing parties "is or may be" inadequate and the applicant "is or may be" bound by a judgment in the action. Intervention under this provision is now made an absolute right which was, in part, discretionary prior. State ex rel. Duggan v. Kirkwood, supra; State ex rel. Farmers Mutuals Automobile Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, 321; Carr, Missouri Civil Procedure, Vol. 1, § 70, p. 226; Innis, Speiden & Co. v. Food Machinery Corp., D.C., 2 F.R.D. 261. Since paragraph (a) of Civil Rule 52.11, supra, gives an absolute right to intervene to a person who brings himself within the terms of this paragraph, the trial court has no discretion in the matter. If a trial court should wrongfully deny a person application to intervene, the court can be compelled to permit intervention. The applicant having a legal right to intervene but denied this right by the trial court, mandamus is a proper remedy to afford relief to the applicant. State ex rel. Duggan v. Kirkwood, supra.

Therefore, if relators can show that they have (1) an "interest" in the pending annexation proceeding, and (2) that the representation of such interest "by existing parties is or may be inadequate," and (3) that they "are or may be bound" by a final judgment in the annexation proceeding and have filed a timely application to intervene, then they have an absolute right to intervene.

In the case of State ex rel. Farmers Mutuals Automobile Insurance Company v. Weber, supra, the court defined the word "interest" as used in the intervention statute, as follows: " 'Interest,' generally, means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action." (273 S.W.2d l.c. 321). The above definition when applied to the relators in the instant mandamus proceeding leaves no doubt that they do have an interest in the annexation proceeding and the result thereof. If plaintiff annexes the area in which these relators live, they will come under and be subject to the regulatory and other ordinances passed by the municipality. Likewise, they will become legally liable for the payment of taxes and licenses that may be incurred by reason of revenue ordinances passed by the municipality. We think relators will either gain or lose by the direct operation of the judgment that may be rendered in the annexation proceeding and that their interest has an origin in the proceeding as brought by the plaintiff.

Respondent contends that the representation of relators' interest in the annexation proceeding by the existing parties is adequate. In support of this he says that the group to which the relators belong selected some 60 of their number (class) including 4 of the intervenors now in the case to act as their representatives. He says relators considered this representation adequate to the course of the litigation up to December 1962 and that no purpose could be served by enlarging the number of intervenors when they are admittedly representative of the same group (class). It takes no more than a cursory glance at the record in this case to conclude that the original defendants joined by plaintiff in the annexation petition and the subsequent intervenors and their attorney have failed to represent the interests of the class and the present relators in this action. At the time relators sought to intervene in the court below all of the existing defendants and intervenors were in default for failure to file a responsive pleading to plaintiff's amended petition. The interlocutory judgment of default entered against them had the effect of precluding any answer or defense by the defaulting defendants and existing intervenors. This left the class they were sup-

posed to represent without representation. Relators who sought to intervene in the court below were actually members of the class sued although they were not made defendants at the time of bringing the action.

The record in the case, as heretofore outlined, is proof that the class sought to be represented by relators in their application to intervene has not been adequately represented by the existing parties.

It needs no discussion to show that the relators and the class they seek to represent will be bound by a judgment in the annexation proceeding. This is obvious from the very nature of the proceeding itself which is a class action and so styled by the respondent in his return. All of the relators and other owners of land in the area sought to be annexed will be bound by the annexation if the action is decided in favor of the plaintiff municipality.

The principal contention that seems to be urged by respondent in his return and in his brief is that relators' application to intervene was not timely. In support of this contention respondent points to the interlocutory judgments of default and inquiry granted and seems to assume that the relators were aware of these defaults and that the laxity and lack of diligence on the part of the defendants and previous intervenors and their attorney should be visited upon the instant relators because, as respondent says, the relators were aware of the pendency of this action but assumed that others were acting on their behalf and in their interest. The weakness of this argument, as we view it, is that the laxity and lack of diligence of the defendants and the previous intervenors cannot be laid at the door of the relators. It is because of this laxity and lack of diligence and inadequate representation that they now seek to enter the case and protect their interests and that of the class. We conclude that the application to intervene was filed timely.

In State ex rel. Duggan v. Kirkwood, supra, the case had been pending 17 months, and a week before the case was set for trial relators sought to intervene. The court, after pointing out that there was no showing that the position of the parties to the original suit was changed to their detriment by the filing of the application of intervention, held that intervention could not be denied upon the ground that the application was not timely. There is no showing in the instant proceeding that the position of the plaintiff in the annexation suit will be changed to its detriment by the filing of relators' application to intervene. In the case of State ex rel. Duggan v. Kirkwood, supra, the Supreme Court cited the case of Innis, Speiden & Co. v. Food Machinery Corp., supra, in support of its decision. In holding the application timely, the court said in the Innis case: "I cannot conclude upon consideration of all the circumstances that the application for intervention is not timely. While the case is nearly four years old it was not set for trial until the day upon which the application for intervention was made." (2 F.R.D. 1.c. 265). In the instant case the annexation proceeding pending in the trial court has never been set for trial or for the taking of evidence despite the fact that the annexation proceeding has been pending since October 6, 1959. Courts have been very liberal in permitting interested persons to intervene and become parties so that complete justice may be done and especially should this liberality be practiced where relators are members of the class which was originally sued, and, as said in City of St. Joseph v. Hankinson, Mo., 312 S.W.2d 4, to this extent their rights may be broader than those of a true intervenor.

Finally, respondent contends that the allegations in the tendered pleadings regarding "the interest of the parties" (relators) are not well pleaded and "thus cannot be considered in determining the interest of the parties." We are not sure what respondent means in making this contention. Relators have shown through well pleaded al-

legations in their petition and in respondent's return that they have an interest in the annexation proceeding as we have hereinbefore held. Respondent claims relators must show they have a meritorious defense, citing Gorzel v. Orlamander, Mo., 352 S.W. 2d 675. In that action, after a default judgment was rendered, defendant filed a motion to set aside the default and said motion was denied. On appeal, the Supreme Court said: "We are also of the opinion that the motion itself is insufficient in that it failed to allege any *facts* showing that defendants had a meritorious defense to the action." (352 S.W.2d 1.c. 678). In that case the court held that the facts constituting the proposed defense must be set forth in detail so that the court may judge whether it is meritorious and sufficient.

Paragraph (c) (1) of Civil Rule 52.11, supra, does require the motion to intervene to be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Relators when filing their motion to intervene in the lower court accompanied it with an answer to the first amended petition of the plaintiff. An examination of this answer shows well pleaded allegations of fact which, if supported by competent evidence at the hearing on the merits of the annexation proceeding, could prove a bar to plaintiff's right to annexation of the territory involved. This contention is ruled against respondent.

We conclude that relators have an absolute right to intervene in the annexation proceeding and that our alternative writ of mandamus heretofore issued should be made peremptory as to all of the relators except Glen E. Biehl, Marguerite Biehl, Robert J. Perry and Ida Perry. We exclude the last four named individuals, who are named as relators in the instant proceeding, because they were among the 61 intervenors permitted to intervene November 30, 1959, and are now parties in the case, however, subject to the interlocu-tory judgment of default and inquiry entered against them.

Therefore, the alternative writ of mandamus heretofore issued is made peremptory as to all relators, except the four named, and we discharge the alternative writ of mandamus heretofore issued as to relators, Glen E. Biehl, Marguerite Biehl, Robert J. Perry and Ida Perry. It is so ordered.

WOLFE and ANDERSON, JJ., concur.