**Donald FRANKLIN, Respondent,**

**v.**

**Alonzo BYERS and Gary Smith, Defendant Ad Litem, Appellant.**

**No. WD 36753.**

Missouri Court of Appeals, Western District.

Jan. 7, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied April 15, 1986.

Duane E. Schreimann, Hendren & Andrae, Jefferson City, for appellant.

Mark T. Kempton, Wesner & Kempton, Sedalia, for respondent.

Before TURNAGE, J., Presiding and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Defendant appeals from a jury imposed judgment for plaintiff for $25,000 in a personal injury claim arising from an automobile collision. The judgment is affirmed.

The issues relate to the admissibility of evidence. Defendant asserts that the court should not have permitted plaintiff to show evidence of defendant's intoxication because liability was not contested, nor should the court have admitted the income tax records of plaintiff's earnings as a commission salesman.

Defendant's vehicle rear ended plaintiff's vehicle while plaintiff's vehicle was stopped for a red light. Defendant was intoxicated at the time. Plaintiff originally alleged

five grounds of negligence of defendant in separate lettered paragraphs. Defendant's alleged negligent acts were failure to keep a lookout, driving at an excessive speed, failure to stop or slacken his speed or sound a warning, and following too closely. The fifth paragraph was an allegation of general negligence by reason of the rear-end collision. By a second amended answer, the defendant admitted the allegation of general negligence but denied specifically the allegations of driving at an excessive speed, failure to keep a lookout, failure to stop or slacken his speed or sound a warning, and following too closely. Thereafter, the plaintiff obtained leave to amend his petition by interlineation and did so, alleging that defendant was negligent in operating his motor vehicle while intoxicated and with a blood alcohol content exceeding 10% by weight. Over defendant's objections made by motion in limine and during the course of the trial, evidence of defendant's intoxication was admitted by the trial court. The evidence consisted of the defendant's plea of guilty in the municipal court to the charge of driving while having blood alcohol content in excess of 10%. The trial court also admitted over the objection of the defendant the W-2 forms showing plaintiff's income for the years 1980, 1981, 1982, and 1983. The 1983 form indicated a decrease of $6,000 from 1982 income. The collision occurred in September 1983.

■ Defendant ad litem argues that because "negligence" was admitted the only issue for determination was the amount of damages. From that premise, the defendant ad litem urges that the evidence of the intoxication of the deceased driver was irrelevant and inadmissible. Defendant ad litem urges cases from other states in support of his position. The authority is collected in an annotation, Annot., 80 A.L.R.2d 1224, 1226 (1961). The defendant principally relies on *Fuentes v. Tucker*, 31 Cal.2d 1, 187 P.2d 752 (1947), and *Eubank v. Spencer*, 203 Va. 923, 128 S.E.2d 299 (1962); *Fuentes* is a death action in which the court pointed out that the damages were in no wise related to the negligence and there was a full and unequivocal admission of liability. The Virginia case is a negligence action but also had an unqualified admission of liability.

The plaintiff points to *Ruppel v. Clayes*, 230 Mo.App. 699, 72 S.W.2d 833 (1934), for the proposition that a plaintiff is not bound by the admission of his opponent but may prove the admitted fact. The *Ruppel* case is factually similar to the instant case. The defendant there admitted liability but denied the intoxication. *Id.* The admission of liability was held not to bar plaintiff's proof of the pleaded issue of intoxication. *Id.* at 836. The parties here have treated the issue of defendant's driving while his blood alcohol content exceeded 10% by weight as a pleaded and denied issue. The record does not satisfactorily show the action of the court on the motion to amend by interlineation or the defendant's action in refiling the answer, but the defendant does not contend the amendment by interlineation was not made, nor does he contend that the motion to amend was denied.

*Ruppel* has been followed and has never been questioned. *McKay v. Delico Meat Products Co.*, 351 Mo. 876, 174 S.W.2d 149 (Mo.1943); *Steele v. Goosen*, 329 S.W.2d 703 (Mo.1959). The defendant seeks a renunciation of *Ruppel* and an adoption of the view of the Virginia and California courts. The procedural posture of the instant case is such that the drastic step of refusing to follow *Ruppel* need not be considered. There is no clear and unequivocal admission of the liability asserted in the pleading. In fact, there is a denial of all but one ground of liability. The issue defendant seeks to raise is simply not present in this case.

■ Defendant also asserts the trial court erred in permitting the plaintiff to identify and place in evidence the W-2 forms showing plaintiff's commission income for the years 1980–83. It is the defendant's position that the plaintiff's commission income is like profit from a business. Courts have required a stricter level of proof for lost profits than for lost

wages. The rationale for the different treatment lies in the fact that profits are more speculative and arise from elements other than the personal services of the owner. *Seymour v. House*, 305 S.W.2d 1, 4 (Mo.1957). Testimony of "average earnings" by a commission salesman is admissible to prove lost income by reason of personal injury. *Stewart v. St. Louis Public Service Co.*, 233 S.W.2d 759, 767 (Mo.App. 1950); Precise records of earnings from commissions are ipso facto admissible.

The judgment is affirmed.

All concur.