

# In the
# Missouri Court of Appeals
## Western District

MARLAYNA KENNEY,
               **Respondent,**

                                **WD85014 Consolidated with**
                                **WD85111**

                                **OPINION FILED:**
                                **June 27, 2023**

v.

KAILEY K. MYERS,
               **Appellant.**

### Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Cory L. Atkins, Judge

Before Division Three:  Janet Sutton, Presiding Judge, Cynthia L. Martin, Judge, and
Edward R. Ardini, Jr., Judge

Kailey K. Myers ("Myers") appeals from the trial court's entry of judgment in favor of Marlayna Kenney ("Kenney") and Jayden Morgan ("Morgan") (collectively, "Plaintiffs") on their wrongful death and personal injury claims stemming from a motor vehicle accident.  Myers argues that because she admitted fault for the accident, the trial court abused its discretion when it admitted evidence on the issue of her liability.  Finding no error, we affirm.

## Factual and Procedural Background[1]

In the early morning hours of August 25, 2019, Myers was driving a vehicle westbound on Interstate 70 in Jackson County, Missouri. Hailey Jeffries ("Jeffries") and Morgan, both minors, were passengers in the vehicle. Myers lost control of the vehicle, and the vehicle left the interstate and overturned. Jeffries was pronounced dead at the scene of the accident and Morgan sustained physical injuries requiring substantial medical treatment.

On May 15, 2020, Kenney, Jeffries' mother, filed a wrongful death lawsuit against Myers for Jeffries' death. In paragraph eleven, Kenney alleged that Myers failed to exercise the highest degree of care in at least one of the following ways: failing to keep a careful lookout; driving too fast for conditions; operating the vehicle while distracted; operating the vehicle in an impaired manner; operating the vehicle while texting or utilizing her cell phone; failing to slow down, brake, or avoid a collision; and failing to keep control of the vehicle. Morgan intervened and brought claims against Myers for his personal injuries, alleging that Myers failed to exercise the highest degree of care in the same ways identified in Kenney's petition.

On November 5, 2020, Myers filed answers to Plaintiffs' petitions, denying "negligence, fault, failure to operate the vehicle in a careful, prudent and lawful manner, and [] failure to exercise the highest degree of care in the operation of the vehicle." She

---

[1]On appeal from a judgment in a bench-tried civil case, we view the evidence and reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment. *Sweeney v. Ashcroft*, 652 S.W.3d 711, 721 (Mo. App. W.D. 2022) (citation omitted).

also denied the specific allegations of negligence alleged in paragraph eleven of both petitions.

The case was set for jury trial on October 4, 2021. On September 10, 2021, Myers filed amended answers to Plaintiffs' petitions ("Amended Answers"). In response to Plaintiffs' specific allegations of Myers' failure to exercise the highest degree of care in paragraph eleven, Myers stated, "[Myers] admits only that she was at fault in causing the accident." The parties filed a stipulation on September 29, 2021, which included the following, *inter alia*: (1) "Defendant has admitted fault for the accident, while reserving all defenses to the nature and extent of damages claimed by [Plaintiffs];" (2) Plaintiffs "waived and dismiss their claims for aggravated circumstances and punitive damages;" and (3) the case would be tried by the bench.

The trial court heard arguments on the parties' motions *in limine* on October 1. Relevant to this case, Myers moved to exclude argument or evidence concerning the causation of the accident because she had filed Amended Answers admitting fault for the accident and there was therefore "no liability issue for the court to decide." Myers claimed that there had not been any evidence establishing why the car left the road, but even if such evidence did surface, the cause of the accident was not relevant to the issues or facts in dispute. Plaintiffs argued that that liability evidence remained relevant despite Myers's general admission to fault on the issue of the nature and extent of their damages. The trial court denied Myers' motion *in limine*. Myers' counsel made further argument on the record: "Just to say, respectfully, we discussed and presented arguments off the

3

record. [Myers] maintains [her] objection to liability evidence, and does not consent to a trial on liability."

At trial, Myers objected to the admission of the following exhibits on the grounds that they included testimony and evidence concerning liability which she argued was "not at issue [and] would be irrelevant to the case": (1) Exhibit 12, the Missouri Driver's manual; (2) Exhibits 27 and 29, the transcript and video of Myers' deposition, which included questioning on the requirements of her intermediate driver's license restrictions, the presence of three teenage passengers in her vehicle who were not wearing their seatbelts, the use of her phone while driving, and speeding; (3) Exhibits 30 and 31, the transcript and audio statement of Myers' interview with the Kansas City Police Department which included questioning as to Myers' actions on the evening of the accident, whether she was speeding, and the presence, consumption, and possession of drugs and alcohol; (4) Exhibits 32 and 33, the transcript and videotape deposition of an accident reconstructionist who testified about Myers' intermediate driver's license restrictions, a diagnostic data device on the car, and his conclusion of how the accident happened; (5) Exhibits 34 and 35, the transcript and videotape deposition of a witness to the accident who testified about Myers' driving during the rollover accident; (6) Exhibit 36, subpoenaed Sprint driving data for Myers' vehicle from August 24 to 25, 2019; (7) Exhibit 37, subpoenaed Sprint driving data for Myers' vehicle from August 23 to 25, 2019; (8) Exhibits 40 and 41, transcript and videotape deposition of Kyndra Carpenter, who was the third passenger in the vehicle and who testified about Myers' conduct on the night of the accident and whether she was using her phone while driving; and (9) Exhibit

4

42, the written interview and audio recording of Kyndra Carpenter's interview with police (collectively, "liability evidence"). The trial court overruled Myers' objections and admitted the exhibits.

During closing arguments, Kenney requested the trial court award her between $10,000,000 and $12,000,000 and Morgan requested the trial court award him $2,000,000. On October 21, 2021, the trial court entered its Judgment in favor of Plaintiffs, awarding Kenney $10,000,000 for Jeffries' death and awarding $397,000 for Morgan's injuries.

Myers appeals.

**Standard of Review**

The trial court "is granted considerable discretion in deciding whether to admit or exclude evidence" and its ruling will not be disturbed absent a clear abuse of discretion. *Harned v. Spurlock*, 658 S.W.3d 562, 577 (Mo. App. W.D. 2022) (quoting *Rhoden v. Mo. Delta Med. Ctr.*, 621 S.W.3d 469, 483 (Mo. banc 2021)). An abuse of discretion occurs when the trial court's ruling "is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* at 571 (quoting *Ross v. Jeschke Ag Serv., LLC*, 552 S.W.3d 719, 724 (Mo. App. W.D. 2018)). "Even if we find an abuse of discretion, we will reverse only if the prejudice resulting from the improper admission of evidence is outcome-determinative." *Williams v. City of Kansas City*, 641 S.W.3d 302, 330 (Mo. App. W.D. 2021) (quoting *Ostermeier v. Prime Props. Invs. Inc.*, 589 S.W.3d 1, 10 (Mo. App. W.D. 2019)).

5

## Analysis

Myers raises a single point on appeal, which asserts that the trial court abused its discretion when it admitted the liability evidence because "Myers clearly, unequivocally, and without qualification admitted fault in her answers, deposition, and at trial, and the parties stipulated to the same, the evidence was not legally or logically relevant, and its admission prejudiced Myers." Myers's point on appeal takes an all or nothing approach by arguing that all of the trial exhibits to which a relevancy objection was registered should have been excluded.

"The general rule in Missouri as to a judicial admission was stated in *Ruppel v. Clayes*, 72 S.W.2d 833, 835 (Mo. Ct. App. 1934): '[a] party is not required to accept a judicial admission of his adversary, but may insist on proving the fact.'" *Cogdill v. Flanagan ex rel. Larson*, 410 S.W.3d 714, 722 (Mo. App. S.D. 2013). A party bearing the burden of proof is not bound to a party's admission but may instead "elect to present evidence to prove the issue at jury trial." *Id.* (quoting *Ingram v. Rinehart*, 108 S.W.3d 783, 792 (Mo. App. W.D. 2003)). Myers acknowledges that the general rule is still followed in Missouri, but she argues that she "clearly, unequivocally, and without qualification" admitted she was at fault in causing the accident, and that Missouri courts recognize that "there may be circumstances when an unequivocal and full admission of liability *may* leave only the issue of damages for a jury, but such admission must be clear." *Id.* (emphasis in original) (citing *Ruppel*, 72 S.W.2d at 835).

However, we do not find that Myers made an unequivocal and full admission of liability. In *Franklin v. Byers*, 706 S.W.2d 230, 231 (Mo. App. W.D. 1986), this Court

6

emphasized the importance of the assertion of liability in the plaintiff's pleadings when a defendant purports to admit liability. In *Franklin*, the defendant was intoxicated when he rear-ended the plaintiff's vehicle. *Id.* The plaintiff sued and "originally alleged five grounds of negligence of defendant in separate lettered paragraphs": failure to keep a lookout, speeding, failure to stop or slow down without a warning, and following too closely, and "general negligence by reason of the rear-end collision." *Id.* In his answer, the defendant admitted the general negligence allegation, but denied the other allegations. *Id.* Plaintiff amended his petition by interlineation, "alleging that defendant was negligent in operating his motor vehicle while intoxicated and with a blood alcohol content exceeding 10% by weight." *Id.* Evidence of the defendant's intoxication was admitted at trial over the defendant's objection, and on appeal, he argued that because he admitted the general negligence allegation, the only issue at trial was the amount of damages, and thus the evidence of his intoxication was irrelevant. *Id.* We found that the parties "treated the issue of defendant's driving while his blood alcohol content exceeded 10% by weight as a pleaded and denied issue." *Id.* Relying on *Ruppel*, 72 S.W.2d 833, where the defendant also admitted liability but denied the allegation of intoxication during a car accident, this Court held that the defendant's general admission of liability did not bar the plaintiff from choosing to prove the pleaded issue of intoxication because there was "no clear and unequivocal admission of liability asserted ***in the pleading***." *Id.* (emphasis added). Because the defendant denied all but one ground of liability asserted in the pleading, he had not made a clear and unequivocal admission of liability, and therefore, his argument that the evidence of intoxication was irrelevant was "simply not

7

present in this case." *Id.*, *see also Cogdill*, 410 S.W.3d at 724 (applying the same in remanding for new trial in light of a conclusion that the trial court abused its discretion when it refused to admit evidence of defendant's intoxication at the time of the accident at issue).

Similarly, in paragraph eleven of their petitions, Plaintiffs alleged that Myers was negligent in at least one of several ways: failing to keep a careful lookout; driving too fast for conditions; operating the vehicle while distracted; operating the vehicle in an impaired manner; operating the vehicle while texting or utilizing her cell phone; failing to slow down, brake, or avoid a collision; and failing to keep control of the vehicle. In response, Myers' Amended Answers admitted "only that she was at fault in causing the accident." So, while Myers admitted generally that she was at fault for the accident, she denied the specific allegations of negligence which Plaintiffs plead in their petitions. And while Plaintiffs stipulated that Myers had admitted fault, they did not stipulate that Myers' admission was clear, full, and unequivocal, and they did not stipulate that no evidence relating to the cause of the accident would be admitted. Because Myers did not admit the specific grounds of liability alleged in the Plaintiffs' petition, there was "no clear, full, and unequivocal admission of liability by [Myers] which could arguably permit the trial court to stray from the general rule in Missouri." *Cogdill*, 410 S.W.3d at 725; *see also Franklin*, 706 S.W.2d at 231.

Even if we could conclude that Myers's admission of fault was an unqualified admission of liability, which we cannot, we would not find that the trial court committed error in admitting the liability evidence. "Even when a defendant makes an ***unqualified***

8

admission of liability, a plaintiff has the right to introduce evidence *relevant to the issue of liability*." *Burrows v. Union Pacific R. Co.*, 218 S.W.3d 527, 534 (Mo. App. E.D. 2007) (emphasis added) (citing *Ruppel*, 72 S.W.2d at 835). A plaintiff has the "right to present to the jury, in his own way, competent and relevant evidence *to show all the circumstances attending [to] the accident*." *Id.* (emphasis added) (quoting *Ruppel*, 72 S.W.2d at 835) (defendants argued that testimony concerning the specific facts of the accident which pertained to defendants' negligence were irrelevant and therefore inadmissible after they made general admissions of liability, but the trial court correctly permitted the admission of the evidence regarding defendants' negligence because under *Ruppel* it was "competent and relevant evidence showing the circumstances of the accidents" in the case); *see also Cogdill*, 410 S.W.3d at 725 (trial court erred when it "focused on relevance of the evidence [of defendant's intoxication after a purported admission of liability for a vehicular accident] to the exclusion of the law stated in *Ruppel* [where in] fact, the qualified admission by defendant would, in theory, remove the materiality of the evidence in the case as opposed to its relevancy"); *see also Ingram*, 108 S.W.3d at 792 (despite defendant's admission of "fault and liability for the [vehicular] accident" and that he was intoxicated at the time of the accident, and stipulation to the plaintiff's medical expenses and lost wages, evidence regarding circumstances of the accident and his intoxication were admissible because the plaintiff is not bound to defendant's admissions; but, in addition, the evidence "was also admissible because it was directly relevant to the disputed issues" of special and punitive damages). "To allow a defendant to substitute a 'naked admission' for a full picture of the events

9

may rob the evidence of much of its fair and legitimate weight." *Burrows*, 218 S.W.3d at 534 (quoting *Ruppel*, 72 S.W.2d at 836).

The liability evidence consisted of depositions, statements, and interviews of Myers and witnesses regarding the accident and her actions that evening, driving data from Myers' vehicle, testimony from an accident reconstructionist concerning Myers' driving data and her driving restrictions, and the Missouri Driver's manual which was used to question Myers on driving laws and restrictions. This evidence, which all related directly to Myers' actions leading up to and during the accident, was plainly relevant to the circumstances attending to the accident, and Myers has not disputed otherwise. Thus, even if Myers made a clear, full, and unequivocal admission of liability, we would not find that the trial court abused its discretion when it admitted the liability evidence.

Finally, even if we were to find that the trial court's admission of the liability evidence was an abuse of discretion, which we do not, Myers has not established that admission of the liability evidence resulted in outcome determinative prejudice. Myers argues that the only purpose the liability evidence served was to prejudice her "by inflaming the [trial court] against Myers as demonstrated by the wrongful death award of $10,000,000 and the personal injury award of $397,000." Myers offers no support for this bare contention. Kenney requested between $10,000,000 and $12,000,000 for the wrongful death of her fourteen-year-old daughter, and Morgan requested $2,000,000 for his personal injuries resulting from the accident. The trial court awarded Kenney the minimum amount requested, and awarded Morgan substantially less than his request. Myers did not argue at trial an amount she believed would be an appropriate award for

damages, despite having admitted fault, and instead stated during closing argument: "Decide only on the elements of damage that are allowed by [section] 537.090 [and] in doing that we hope the court will have some proportionality and award what you think is right but don't award overreaching [sic]. . . . These numbers that you've been asked to award are too much. Have some proportionality. Do the fair awards, and we'll trust you on that." The record does not support a conclusion that the liability evidence was outcome determinative of the damage awards entered by the trial court. Instead, it is noteworthy that the stipulation the parties entered into after Myers amended her answer to admit fault included Plaintiffs' acknowledgement of this admission and an agreement not to seek aggravated or punitive damages--a concession that appears plainly to have credited Myers' admission of fault for purposes of controlling a potential damage award.

Moreover, in bench-tried cases, the trial court "is given more latitude in the admission of evidence." *State v. Coaston*, 609 S.W.3d 527, 528 (Mo. App. S.D. 2020) (citing *State v. Hein*, 553 S.W.3d 893, 896 (Mo. App. E.D. 2018)). "Accordingly, in bench-tried cases, we generally presume the trial court does not give weight to erroneously-admitted evidence unless the trial court relied on the inadmissible evidence in making its findings." *Id*. (citing *State v. Little*, 604 S.W.3d 708, 719 (Mo. App. E.D. 2020)). "Thus, it is 'nearly impossible to obtain a reversal based upon the improper admission of evidence in a court-tried case.'" *Id*. (quoting *State v. Franks*, 228 S.W.3d 607, 610 (Mo. App. S.D. 2007)). We have already rejected Myers' assertion that the trial court abused its discretion when it admitted liability evidence. But even if error had been

11

demonstrated, Myers has not established that admission of liability evidence in this bench-tried case was prejudicial because it was outcome determinative.

Myers' point on appeal is denied.

## Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur